THE PEOPLE ex rel. Dan Lee, County Collector, Appellee, vs. THE ILLINOIS CENTRAL RAILROAD Co. Appellant.

*Opinion filed December 17, 1907.*

1. TAXES—*when stone quarry owned by railroad is exempt from taxation.* A stone quarry owned by the Illinois Central Railroad Company, though not immediately adjoining the right of way, is railroad property, and is exempt from taxation under section 22 of the company's charter, where such quarry supplies the stone and gravel for ballasting the company's track, whether the quarry work is done by the company or by a lessee.

2. SAME—*what does not deprive quarry of its character as railroad property.* The facts that a railroad company has ceased to use its stone quarry as a source of ballast for its road-bed and that the company has sold the privilege of cutting ice in the quarry in the winter do not deprive the quarry of its character as railroad property, where it does not appear the company has abandoned the quarry as a ballast supply.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (JOHN G. DRENNAN, of counsel,) for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from the judgment of the county court of Kankakee county against two blocks of ground in the city of Kankakee, belonging to the Illinois Central Railroad Company, for delinquent taxes. The question is whether the property is exempt from taxation under section 22 of the company's charter. (Laws of 1851, p. 61.)

The evidence shows that the property assessed is a stone quarry about three hundred feet from the right of way of the railroad and connected therewith by a switch track. Between the right of way and this property are houses, lots

and a street. Prior to 1897 the company kept a gang of men there, who quarried gravel and stone for the use of the company only. On February 15, 1897, the company made a contract with the Sinclair Construction Company for one year, by the terms of which the construction company located a crushing plant on the quarry and agreed to crush at least 30,000 cubic yards of stone for the railroad company. The construction company had the right to sell crushed stone and screenings to any third party, provided the chief engineer of the railroad company should first, in its interest and at his option, give his written consent. In case the construction company did sell to third parties the railroad company was to receive five cents for each cubic yard of crushed stone or screenings thus furnished from this quarry. In 1897 the construction company set up a crusher, as provided in the contract, and crushed stone for the company to ballast track. Sinclair died in 1903. The crusher was removed and the quarry has not been used since he died. In 1906 the railroad sold or leased the privilege of taking ice therefrom. All material from the quarry was billed to the railroad company and no freight was charged therefor. There were several tracks in the quarry, which were moved from time to time.

It is manifest that this quarry, whether "railroad track," as that term is used in the Revenue act, or not, was used in connection with the railroad for railroad purposes. Gravel and ballast are indispensable to the maintenance of the road-bed and the safe operation of the road. Whatever was necessary for the construction and operation of the railroad was exempt from taxation. (*In the matter of Swigert,* 119 Ill. 83.) Though for the present it is not worked, the evidence does not show that the quarry has been permanently abandoned as a source from which to take ballast. So far as appears the tracks are still there, and it may be used again at any time. It is not used for any other purpose. The sale of the privilege of cutting ice

is a mere incident, which does not deprive the quarry of its character of railroad property. *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 225 Ill. 593.

The judgment is reversed and the cause remanded, with directions to sustain the objections.

*Reversed and remanded, with directions.*