(No. 14053.—Order affirmed.)
THE OAK RIDGE CEMETERY CORPORATION, Appellant, *vs.*
THE TAX COMMISSION, Appellee.

*Opinion filed October 22, 1921.*

1. TAXES—*cemetery property must be exclusively used for that purpose to be exempt from taxation.* Under the provisions of section 3 of article 9 of the constitution and of paragraph 3 of section 2 of the Revenue act the exemption of cemetery property from taxation does not extend to such lands unless they are used exclusively for cemetery purposes.

2. SAME—*one claiming tax exemption must make clear showing that his property is exempt.* One claiming the benefit of a tax exemption statute must show clearly that his property is within the contemplation of the law, and a statement in a return to the tax commission by a cemetery corporation that its land is exempt is a mere conclusion of the affiant.

3. SAME—*capital stock and franchise of cemetery corporation are subject to taxation.* Under paragraph 4 of section 3 of the Revenue act and paragraph 6 of section 2 of the Tax Commission act the tax commission is required to assess and value the capital stock and franchise of a cemetery corporation for purposes of taxation, and there is no theory upon which such a corporation can escape taxation on such property.

4. SAME—*legislature cannot exempt property from taxation except as provided in section 3 of article 9 of the constitution.* No property can be exempted from taxation by any law passed by the legislature except such as is mentioned in section 3 of article 9 of the constitution.

5. SAME—*rule 11 of the tax commission is proper for assessing capital stock and franchise of cemetery corporation.* Rule 11 of the tax commission, for ascertaining the fair cash value of the capital stock and franchises of corporations for purposes of taxation, is a proper rule for making an assessment of the capital stock and franchise of a cemetery corporation.

6. SAME—*valuation must be so excessive as to amount to fraud before the court will interfere.* The Supreme Court will not interfere on account of alleged excessive valuation of property by the tax commission unless the valuation is so excessive as to amount to fraud.

7. SAME—*circuit court can review order of tax commission only on the record.* Under section 10 of the Tax Commission act the

circuit court can review the order and decision of the tax commission only on the record made before the commission, and said court has no authority to make a new assessment or to hear any further evidence for the purposes of such review.

APPEAL from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

CHARLES M. HAFT, for appellant.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On September 10, 1920, the Oak Ridge Cemetery Corporation of Chicago, Illinois, filed in the office of the tax commission of Illinois a sworn statement under section 32 of the Revenue act, setting forth the following facts: That it was incorporated for cemetery purposes and on April 1, 1920, was conducting a cemetery; that the amount of its capital stock authorized was $600,000 and the number of its shares was 60,000; that the amount of its capital stock paid up was $445,100 and the number of its shares actually issued was 44,510; that the shares of stock had no market value and that their actual value was one dollar per share; that the total amount of its indebtedness, except debts for current expenses, excluding from such expenses amounts paid for the purchase or improvement of property, was $262,000; that the land and lots of the corporation were exempt and had no assessed valuation, and that its personal property was assessed at the valuation of $1200. The tax commission on November 17, 1920, considered the return of appellant, which was not accompanied by any further showing, and found that the value of the capital stock and franchise of appellant, when equalized upon the same basis with the other property throughout the State, was $51,200; that the full equalized value, being double the assessed value,

of the real and personal property of appellant as fixed by the assessor and the board of review of Cook county for the year 1920 was $1200; that deducting the full equalized value of the real and personal property from the full equalized value of the capital stock and franchise leaves a balance of $50,000 as the full equalized value of appellant's property and franchise in excess of the full equalized value of its tangibles. The tax commission accordingly fixed the value of the capital stock and franchise subject to be assessed by it at $50,000, and assessed appellant for one-half that sum, or $25,000, as the assessed value of its capital stock and franchise for the year 1920. Due notice of the assessment was given by mail to appellant and the assessment was published as required by law. Appellant filed objections with the tax commission and prayed that the assessment be vacated. On December 20, 1920, the objections were heard. The additional facts submitted to the commission by appellant were, in substance, the following: The capital stock tax return for the year ending December 31, 1919, shows a loss average to appellant of $9589.51 for 1917, 1918 and 1919. The income tax return for the same year shows a net loss of $3149.60 after paying officers $2900 and interest on bonded indebtedness amounting to $16,781.30. Appellant has $662,000 invested in its property, consisting of 118 acres, about 65 acres of which is laid out in cemetery lots. The land when sold as cemetery lots sells for from fifty cents to two dollars per square foot, or an average of about one dollar, or $30,000 per acre, after deducting twenty-five per cent for driveways and alleyways. No portion of the capital stock has been retired, but $50,000 of appellant's bonded debt was retired within the three years of its existence by the majority stockholder purchasing treasury stock, leaving $250,000 of bonded debt and $12,000 of other debts. No earnings of appellant have been used to retire bonds or stock but some earnings have been used to pay interest on bonds. Appellant has a per-

petual care fund of $47,826 on deposit in the Union Bank of Chicago, and the interest thereon for the year 1919 was about $1736, and it has paid no taxes on that fund. The bonds of appellant bear six per cent interest, were sold at par, and are secured by a trust deed on the property and a portion of the stock. On a suggestion of appellant's attorney that the cost of carrying the bonds would continue for a long period of years and that the expense of selling lots was considerable, and that appellant was eating up its capital every time it sold a lot, chairman Noleman of the commission replied: "That is true. There ought to be some allowance made for depletion. Well, now, we take your capital at $40,000 and your debt at $260,000 and we depreciated that (to) $100,000 and equalized that on a basis of sixty per cent, producing $60,000, and we deduct the full value of your tangible, $1200, which leaves $58,-800. We made further depreciation of $8800 and took it at $50,000 and assessed it at $25,000." The commission confirmed the assessment of $25,000 for the year 1920. On appeal to the circuit court of Cook county appellant offered to prove that the fair cash value of its real estate remaining, exclusive of that portion which had been sold for burial lots, was $268,000. On objection by the Attorney General the court refused to allow such proof and confirmed the assessment made by the commission. Appellant prosecutes an appeal to this court.

Appellant contends that inasmuch as it is conducting a cemetery and that its property is used for that purpose it is not assessable by the tax commission in any sum. This contention is based upon the provisions of section 3 of article 9 of the constitution of 1870 and of paragraph 3 of section 2 of the Revenue act. Said section of the constitution provides that "the property of the State, counties, and other municipal corporations, * * * and such other property as may be used exclusively * * * for school, religious, cemetery and charitable purposes, may be ex-

299—28

empted from taxation; but such exemption shall be only by general law." Said section of the Revenue act provides that all lands used exclusively as graveyards or grounds for burying the dead shall be exempt from taxation. It will be observed that under the provisions of the constitution and the statute it is only lands used exclusively for cemetery purposes or graveyards or grounds for burying the dead that are exempt from taxation. The statute cannot be, and is not, made broader than the provisions of the constitution, and the exemption does not extend to such lands unless they are used exclusively for such purposes. (*People* v. *Graceland Cemetery Co.* 86 Ill. 336; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377.) Under said provisions, according to the decisions of this court, appellant made no showing to the commission that any of its land was exempt from taxation. It simply stated in its return to the commission that its land was exempt from taxation, and made no further showing of any right of exemption. The statement was a mere conclusion of the party who made the affidavit for appellant. One claiming the benefit of a tax exemption statute must show clearly that his property is within the contemplation of the law. *People* v. *Deutsche Gemeinde,* 249 Ill. 132; *Board of Directors* v. *Board of Review,* 248 id. 590.

The only property of appellant that was exempt from taxation, as already shown, is such land as it used exclusively for cemetery purposes or for grounds for the burial of the dead. All of its other property was subject to taxation. Under paragraph 4 of section 3 of the Revenue act and paragraph 6 of section 2 of the Tax Commission act the tax commission was required to assess and value the capital stock and franchise of appellant for purposes of taxation. (Hurd's Stat. 1917, p. 2422; Laws of 1919, p. 719.) There is no theory upon which appellant can escape taxation on its capital stock and franchise. It belongs in the class of corporations whose capital stock is required to be

taxed, and the legislature of this State has no right or power to exempt appellant or any other corporation from such taxation, as any such exemption would be void under the provisions of sections 1 and 3 of article 9 of the constitution of 1870. Section 1 of the constitution provides, in substance, that the General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person shall pay a tax in proportion to his, her or its property; and section 3 is a limitation upon the legislature to exempt property from taxation, and no property except that mentioned in said section can be exempted by any law passed by the legislature. *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149.

Another claim made by appellant is that the value of its cemetery land which is exempt from taxation should have been deducted by the commission, under its rules, from the value fixed and placed upon its capital stock and franchise. Rule 11 adopted by the commission provides, in substance, that for the purposes of ascertaining the fair cash value of the capital stock and franchise of all corporations of the character of the appellant, and for the assessment of the same or so much thereof as may be found to be in excess of the equalized valuation of the tangible property of such corporations, the fair cash value of the shares of capital stock and the amount of the indebtedness, except indebtedness for current expenses, etc., shall be added together. The tax commission shall then equalize the amount so obtained so that the property of said companies shall be assessed, as nearly as practicable, upon a uniform basis with other property throughout the State. From the aggregate amount so determined and equalized, as aforesaid, there shall be deducted the aggregate equalized valuation of all tangible property of such corporations or associations, and one-half of the remainder, if any, shall be taken and held to be the assessed value of the capital stock and franchises of the corporations, over and above the tangible property thereof.

This rule has been approved by this court as a proper and correct rule for the making of such assessments. *Porter v. Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *State Board of Equalization v. People,* 191 id. 528.

It will be seen that the tax commission made large deductions and allowances to appellant in assessing its property. The announcement of chairman Noleman to appellant which we have quoted clearly shows this to be true, and it also shows that the commission made all allowances possible that it could make, as we view the matter, under the showing made by appellant in its return to the commission and from the evidence produced by appellant on its motion to vacate or modify the assessment. Appellant did not make any proof either of the value of its land exempt from taxation, if it had any such land, or the value of its land not exempt from taxation, if it had such land. It does clearly appear that no land of appellant was taxed by the local assessor or board of review, and it is probable that appellant had land that was exempt from taxation and also that a part of its land was subject to taxation and should have been assessed by the local assessor. Appellant has its record in such a condition that this court cannot possibly determine whether the commission gave it sufficient credit or deduction from the assessment of its stock and franchise to cover its land either exempt or not exempt from taxation. Under the holdings of this court we cannot and will not interfere on account of alleged excessive valuation by taxing officers unless the valuation is so excessive as to amount to fraud. *(People v. Bourne,* 242 Ill. 61.) There is no such showing in the record. In fact, the commission made very liberal deductions,—that is, gave very liberal credits to appellant against the value of its capital stock and franchise after the same was equalized, under the showing made by appellant. Whether such credits are to the full amount to which appellant is entitled cannot be determined by us from this record.

The contention of appellant that the circuit court erred in denying its offer to prove that the value of its real estate, exclusive of that which had been sold for burial lots, was $268,000, cannot be sustained. Section 10 of the Tax Commission act provides that the tax commission shall prepare and transmit to the clerk of the circuit court, when an appeal from its decision has been taken to that court, a copy of all of the evidence, documents, papers, books and files pertaining to such appeal, which copy shall be certified as correct by the director of finance. It further provides that the appeal shall be heard, without formal pleadings, upon the record so certified by the tax commission. Under these provisions the circuit court can only review the order and decision of the tax commission on the record made before such commission. The circuit court on such an appeal has no authority to make a new assessment or to review the assessment made by the commission except upon the record before the commission. It is therefore without authority to hear any further evidence for the purposes of its review of the order of the tax commission.

The brief and argument of appellant present an important question to this court, the same being whether or not it ought to be credited by the tax commission, in making the assessment aforesaid, with, first, the value or equalized value of its land actually used for burying grounds; and second, the equalized value of its land not actually used by it for burial grounds and subject to assessment by the local assessor or board of review. Appellant cites some very important authorities bearing upon this question, namely, *State* v. *Stonewall Ins. Co.* 89 Ala. 335, *Elmwood Cemetery Co.* v. *Tarrant*, 170 id. 459, and *Metairie Cemetery Ass'n* v. *Board of Assessors*, 37 La. Ann. 32, but for the reasons already given, the record before this court is barren of any sufficient showing of values to entitle appellant to a decision on that question. It is also clear that if it has both classes of property, one that was exempt and an-

other that was not exempt from taxation, the latter class of real estate was not assessed or taxed by the local authorities, and the commission therefore was not furnished any basis for giving credit for the latter class of property or for the former claimed to be exempt. We therefore decline to decide the question until it may be properly presented to the commission upon a proper record raising it.

The order of the circuit court confirming and approving the assessment of the tax commission is affirmed.

*Order affirmed.*