(No. 16699.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
THE ELMWOOD CEMETERY COMPANY, Appellee.

*Opinion filed June 18, 1925.*

1. TAXES—*capital stock of cemetery corporation is subject to taxation.* The fact that the property of a cemetery corporation may be exempt from taxation does not preclude taxation of the capital stock of the corporation, as the latter may have a value distinct from the value of the property.

2. SAME—*claimant must prove exemption from taxation.* The burden is on one claiming exemption from taxation to show clearly that the property is within an exemption statute.

3. SAME—*courts cannot fix the value of property for taxation.* Courts have no power to fix the value of property for taxation, and that matter is not open to the supervision of the judiciary unless the valuation is so excessive as to amount to fraud.

4. SAME—*excessive valuation cannot be corrected except for fraud.* Where an assessing officer makes an error in judgment in the valuation of property, his action cannot, on review, be rectified or reversed by the courts unless the valuation is so excessive as to amount to fraud.

5. SAME—*valuation of property cannot be reviewed in action in debt to collect delinquent tax.* Irregularities in the assessment of taxes or over-valuation by the taxing authorities, not amounting to fraud, cannot be inquired into in an action in debt to collect delinquent taxes, as the statute has provided a remedy against excessive assessment or valuation of property, and the tax-payer must avail himself of this remedy and cannot in the first instance resort to the courts in defense of an action to collect the tax.

APPEAL from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (WILLIAM J. GRACE, of counsel,) for the People.

CHARLES R. YOUNG, and ARTHUR A. BASSE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action in debt against appellee, brought by the People for the collection of delinquent personal property taxes assessed on its capital stock. The facts are not disputed. The collector's warrant shows an assessment of tangible property by the board of assessors amounting to $1068 and an assessment of the capital stock by the State Tax Commission in the amount of $39,000. The tax as extended by the county clerk amounts to $2856.90. It is admitted that this tax is delinquent.

Appellee is a cemetery association in Cook county having an area of 405 acres. The record shows that thirty per cent of this acreage is used for driveways. There are about 4000 family lots and 5000 single graves sold for burial purposes. About ninety per cent of these are occupied. Eight acres of this cemetery are unplatted and are used for nursery purposes. A bonded indebtedness of $185,000 was placed on the property of the cemetery, of which about $182,500 is shown to be outstanding. A real estate tax was levied on an assessed value of $28,000. This was paid.

Appellee claimed in the trial court that all of the land except eight acres is used for cemetery purposes and is exempt from taxation; that the entire value of the property is reflected in the capital stock, and that the latter should also be held to be exempt. The court held the capital stock was not taxable in a substantial amount but that it was subject to some tax. The defense admitted that it owed the sum of $68.99 on its tangible property, assessed by the board of assessors at $1068. The court, however, entered judgment for $150, of which, apparently, $81.01 is charged against the capital stock. No cross-errors are assigned by appellee.

We are met at the threshold of the case by the question whether the circuit court had authority to go into the matter of the valuation of the capital stock in the absence of

fraud, which is nowhere charged in this proceeding. By statute and decision in this State the capital stock of corporations is subject to assessment for taxes. Cemetery corporations are no exception to the rule. (*Oak Ridge Cemetery Corp.* v. *Tax Com.* 299 Ill. 430; Revenue act, par. 4; Tax Commission act, par. 6.) The burden devolves upon one claiming exemption from taxation to show clearly that the property is within an exemption statute. (*First Congregational Church* v. *Board of Review,* 254 Ill. 220; *Catholic Knights* v. *Board of Review,* 198 id. 441; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *Rosehill Cemetery Co.* v. *Kern,* 147 id. 483; *People* v. *Wabash Railway Co.* 138 id. 85.) Courts have no power to fix the value of property for taxation. That matter is not open to supervision of the judicial department of the State unless it is so excessive as to amount to fraud. (*People* v. *Millard,* 307 Ill. 556.) A court may defeat a fraudulent assessment but it cannot establish one in its stead. (*Sanitary District* v. *Young,* 285 Ill. 351.) Where the assessing officer makes an error in judgment, his action cannot be rectified or reversed on review by courts where the valuation is not so excessive as to amount to fraud. *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383; *Spring Valley Coal Co.* v. *People,* 157 id. 543; *Keokuk and Hamilton Bridge Co.* v. *People,* 145 id. 596.

There is no evidence in the record that appellee appeared before the Tax Commission and sought to have the valuation of the capital stock reduced. This is not an appeal to review the action of the body fixing the tax, but is an action in debt for the collection of a delinquent tax fixed by the taxing authorities and extended by the county clerk in the manner provided by law. The trial court found the capital stock had some value and should pay some tax and substituted its judgment as to that tax and necessarily found a different valuation. This the court was without authority to do. In an action in debt to collect delinquent taxes,

irregularities in the assessment of taxes or over-valuation by the taxing authorities, not amounting to fraud, cannot be inquired into. Where the statute provides a remedy against excessive assessment or valuation of property the tax-payer must avail himself of this remedy and cannot resort to the courts in the first instance in defense of an action for collection of a delinquent tax. *Cummins* v. *Webber,* 218 Ill. 521; *Hulbert* v. *People,* 189 id. 114; *Keokuk and Hamilton Bridge Co.* v. *People, supra; Camp* v. *Simpson,* 118 Ill. 224; *Adsit* v. *Lieb,* 76 id. 198.

Counsel for appellee argue that the capital stock assessed in this case has for purposes of this tax no value whatever, and that this is a fact which the court can consider in reviewing an action in debt for collection of the tax. Their position is, that where the property itself is exempt from taxation and the entire value of the property is reflected in the capital stock the capital stock is not subject to taxation. It has already been noted that this view was not adopted by the trial court, as it found and fixed $81.01 as a tax against the capital stock. The fact that property is exempt as a burial ground does not show that it has no value or that the holders of the certificates representing the capital stock of the corporation may not receive large dividends through the sale of lots. The capital stock, therefore, can scarcely be said to be of no value. The fact that the property is exempt does not prevent taxation of the capital stock. The exemption of lands used for cemetery purposes is one thing and the exemption of the capital stock of the corporation is quite another. The latter is required by the statute to be taxed. (*Oak Ridge Cemetery Corp.* v. *Tax Com. supra.*) The method of valuation of the capital stock used by the board cannot be reviewed here. There is no showing that it was not done according to law.

It was error to fix another and different tax than that extended and to enter judgment for such altered tax. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*