THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs. THE
OAKRIDGE CEMETERY CORPORATION, Appellant.

*Opinion filed December 21, 1927.*

1. RES JUDICATA—*when question of former adjudication cannot
be raised.* The question of former adjudication cannot be raised
in the Supreme Court where the record does not show it was
raised by the pleadings and where no proof was offered on the
trial to show that the issue had been adjudicated.

2. TAXES—*question of over-valuation of capital stock of ceme-
tery corporation cannot be considered in action in debt to collect
tax.* A cemetery corporation which failed to introduce before the
State Tax Commission evidence of the value of its tangible prop-
erty for the purpose of fixing the assessed valuation of its capital
stock and franchise cannot introduce such evidence on appeal to
the circuit court, and in an action of debt to collect the tax as-
sessed it cannot complain that the trial court did not consider such
evidence, which was introduced subject to objection, as the action
to collect the tax is a collateral proceeding, and the corporation
should have availed itself of such evidence before the tax com-
mission when it fixed the assessed valuation of the capital stock.

APPEAL from the Circuit Court of Cook county; the
Hon. GEORGE F. RUSH, Judge, presiding.

CHURCH, HAFT & ROBERTSON, for appellant.

ROBERT E. CROWE, State's Attorney, and WILLIAM H.
DUVAL, (WM. J. GRACE, of counsel,) for the People.

Per CURIAM: The appellant, the Oakridge Cemetery
Corporation, has appealed from a judgment of the circuit
court of Cook county rendered in an action in debt wherein
the appellee, the People, was plaintiff, for the recovery of
the amount of the tax levied in 1920 on the assessed value
fixed by the State Tax Commission on the capital stock and
franchise of the appellant over and above the assessed value
of its tangible property. The appellant on this hearing

sought to introduce evidence to show the value of its property not actually used for burial lots, likewise that devoted exclusively to burial purposes, and it was defended that such real estate so exclusively used, amounting to about one million dollars in value, was exempt from taxation, and that the appellant's debt at the time of the levy of the tax was between $275,000 and $280,000, and that because of these facts the assessment was too high. It here complains that the evidence introduced was not considered.

The assessed value of the capital stock and franchise was found after a hearing before the tax commission. The appellant appealed from the decision of the commission fixing such assessed value, to the circuit court. That court upheld the decision of the commission, and on appeal to this court the judgment of the circuit court was affirmed. (*Oak Ridge Cemetery Corp.* v. *Tax Commission,* 299 Ill. 430.) The facts pertaining to this tax are there set out at length. In that case it was held that the circuit court, on appeal from the tax commission, has power to review only the record made by the commission, and the complaining tax-payer is not entitled to offer evidence before the circuit court in addition to that heard by the commission. The case presents a rule of law governing the assessing of stock and franchise tax.

On the trial of the cause in the instant case the appellant offered evidence tending to show the value of the property used exclusively for burial lots. The hearing was before the court without a jury, and the evidence was admitted subject to the objection made but apparently was not considered, as judgment was entered in debt for $1347.50, the full amount of the tax.

The appellee urges that the liability of the appellant for this tax is *res judicata,* and that all questions involving such liability or the tax were settled in a previous hearing concerning it in this court in the case of *Oak Ridge Cemetery Corp.* v. *Tax Commission, supra.* The record, however,

does not disclose that the matter of former adjudication was raised either by declaration or replication, and, under the rule adopted and followed by this court, proof of a former adjudication cannot, under such circumstances, be made. (*Williams* v. *Williams*, 265 Ill. 64; *Consolidated Coal Co.* v. *Peers*, 166 id. 361.) Moreover, the record discloses that no proof was offered to show that the issue in this lawsuit had been adjudicated. It was established, however, in *Oak Ridge Cemetery Corp.* v. *Tax Commission, supra,* as the law, that the tax-payer must, if he would avoid over-valuation of an assessment of his property, avail himself of the remedy provided by law, and unless he does so he cannot successfully resist the payment of the tax in court. The evidence offered in this case would have been properly admissible before and properly considered by the taxing body having to do with the fixing of the assessed valuation, which in this case was the tax commission, and a review could have been had in the circuit court on consideration of such evidence offered before the commission.

This is an action in debt for the collection of a tax and is a collateral action. The appellant seeks the benefit of evidence in defense of that action which it had no right, under the established rules of law, to offer in defense of the assessment in a direct proceeding in court on appeal from the decision of the tax commission. It is a fundamental rule of law that one may not be permitted to do indirectly that which he cannot do directly. Appellant having failed to avail itself of the remedy provided by law for over-valuation of its capital stock, cannot urge such defense in an action for the collection of the amount of the tax. *People* v. *Hibernian Banking Ass'n,* 245 Ill. 522.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*