(No. 22172.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.* Appellants.

*Opinion filed February 23, 1934—Rehearing denied April 10, 1934.*

Jones, J., specially·concurring.

Vernon W. Foster, and Richard C. Beckett, (Edward C. Craig, of counsel,) for appellants.

Thomas J. Courtney, State's Attorney, (Hayden N. Bell, Robert S. Cushman, Jacob Shamberg, and James A. Sprowl, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellee, as county collector for Cook county, applied for judgment for delinquent taxes as assessed against appellants' railroad property in that county for the year 1928 by the State Tax Commission. Appellants filed objections thereto on two grounds: First, that the assessment by the tax commission was fraudulently made on a basis of sixty per cent of the actual full market value, while other property generally throughout the State, and particularly in Cook county, was intentionally and systematically assessed at thirty-seven per cent of the actual full·value for that year, resulting in a discrimination against appellants, in violation of section 1 of article 9 of the constitution of this State and the equal protection and due process clauses of the constitution of the United States; second, the tax com-

mission made an illegal and unfair distribution of the assessment as applied to Cook county for that year. Appellants paid two-thirds of the taxes extended against them and object to judgment for the remaining one-third, amounting to $35,979.63. The county court overruled the objections and entered judgment for that amount. Appellants urge those objections here.

Appellee says in reply, first, that while it is true that not more than thirty-seven per cent of the actual value of property was taken as the assessed value for 1928 in Cook county and elsewhere in the State, and while it is true that the tax commission assessed appellants' property at sixty per cent of its actual value, appellants did not correctly prove the actual value of their property and therefore can not urge that the assessment against them was fraudulent; and second, that a proper distribution of the assessment was made. Appellee says further that, regardless of the merit of appellants' objections, they are not accorded such defense here because they failed to exhaust their statutory remedy of appeal from the tax commission's assessment.

The evidence in the record shows that pursuant to the statute appellants made their annual report to the State Tax Commission listing their property for assessment as of April 1, 1928, showing property of the Illinois Central System in Illinois valued at $28,234,980, of which $1,224,246 is located in Cook county. The tax commission, for purpose of the hearing, fixed a tentative value of something over $50,000,000, and objections were filed thereto by appellants and a hearing had. The commission fixed the assessed value of appellants' property at $48,-656,627, which the record shows, and appellee admits, was sixty per cent of the actual value of that property. The assessment per mile of the Illinois Central System was $20,288 and the assessment of rolling stock was fixed at $7279 per mile. In the distribution of the assessment the commission certified to the county clerk of Cook county

for the property of appellants in that county an assessment of $29,595 per mile on the railroad property and $21,501 per mile of the railroad rolling stock. The total amount of the assessment of both in that county was $2,240,377.

The only contradiction offered in the evidence was a stipulation that William H. Malone, who was at that time chairman of the tax commission, would, if present, testify that at the time of the assessment of the property of appellants it was the judgment of the commission that the equalization of the assessment at sixty per cent of the valuation found by the commission would equalize it with the percentage of value assessed against other property in the State.

It will be necessary, first, to pass on the question whether appellants are entitled to defend against the application of appellee. Appellee cites section 10 of the Tax Commission act. (Cahill's Stat. 1933, chap. 120, par. 115.) This section provides that any person feeling himself aggrieved by the assessment made by the tax commission may appeal to the circuit court of the county where such property, or some part thereof, is situated. Notice of such appeal shall be filed with the tax commission within ten days after the assessment is made and notice thereof given, stating the grounds of the appeal. The last clause of this section declares: "The remedy by appeal herein provided for shall not be construed to be exclusive." This court has had occasion to construe this act and other taxing statutes relating to review of the action of taxing authorities. The rule in such case, in the absence of specific statutory grant of other review, is, that where an error in judgment, merely, and not fraud, is charged, the objector's remedy lies in an application to such agencies as have been provided by the statute for hearing complaints of that character, and resort to the courts may not be had before such remedy has been exhausted. (*Kinderman* v. *Harding*, 345 Ill. 237; *Hettler Lumber Co.* v. *Cook County*, 336 id. 645; *Keokuk and*

*Hamilton Bridge Co.* v. *People,* 145 id. 596.) In *Mississippi Valley Life Ins. Co.* v. *Storm,* 339 Ill. 245, an injunction was sought restraining the collector from collecting the tax extended on the assessment of the capital stock of the objector made by the tax commission. The rule is again announced that a court of equity will not, in the absence of fraud, interfere to relieve against an excessive assessment where the tax-payer has not shown that he has been diligent in pursuing his statutory remedy to have it corrected. In that case no fraud was charged. *People* v. *Elmwood Cemetery Co.* 317 Ill. 547, was an action in debt to collect delinquent taxes extended upon a capital stock assessment by the tax commission. It was there held that where the statute provides a remedy against excessive assessments or valuations of property, and fraud is not charged, the tax-payer must avail himself of such remedy and cannot resort to the courts in the first instance in defense of an action for collection of a delinquent tax, and that in an action to collect delinquent taxes, irregularities in the assessment of taxes or over-valuation by taxing authorities not amounting to fraud cannot be inquired into. It is pointed out in that case that no fraud was charged. These cases do not control the situation here.

Appellants point out as a reason why they did not appeal from the action of the tax commission, as provided by section 10 of the Tax Commission act, that while the board of assessors of Cook county adopted thirty-seven per cent of the fair cash market value of the property of Cook county for assessment purposes for the year 1928, yet by reason of the delay in making the 1928 assessment that resolution was adopted by the board of assessors of Cook county on August 5, 1929, after the assessment of sixty per cent was made by the tax commission. They further say that they could not determine, within the ten days allowed for notice of appeal from the commission's assessment, that it had fixed the assessed value of their

property at sixty per cent of the actual value, for the reason that the assessed value, only, was shown. It does not appear from the assessment made by the tax commission that it was fixed at sixty per cent of the actual value. This was, however, admitted on the trial of the cause before us. It is also shown by the evidence that in another proceeding brought in the Federal District Court to prevent collection of taxes based on an assessed valuation fixed by the tax commission for the year 1929, the tax commission in its answer admitted that the percentage of actual value taken as the basis for fixing assessed valuations throughout the State was not more than thirty-seven per cent. By reason of these facts it can scarcely be said that appellants had opportunity, within the ten days provided by statute for notice of appeal, to know of the changed discrimination in this assessment.

This appears to be a case to which the last clause of section 10, asserting that the remedy by appeal shall not be construed to be exclusive, is peculiarly applicable. We are of the opinion that the cases cited by appellee, and hereinbefore referred to, do not prevent an application of that language of section 10.

Concerning the question raised by appellee of insufficiency of proof of actual value of appellants' property, it is sufficient to observe that appellants have paid two-thirds of the tax levied on the assessment as made by the commission, and are not, as we understand their brief, here attacking the actual valuation which the commission may have found, but assert that the assessed value placed on their property was fraudulently so fixed, in that it was assessed sixty per cent of the full value while other property in the State was assessed at not more than thirty-seven per cent of its full value. They have paid two-thirds of the tax levied and extended on the basis of the commission's assessment, and having thus accepted the tax commission's actual valuation, a question as to the sufficiency

or manner of the proof of the full value of their property offered in this case becomes unimportant, since the commission's determination of the full value is readily computed from the assessed value and the fact that such value was fixed at sixty per cent of the actual value. The argument is that the fraud in the assessment lay in taking sixty per cent rather than thirty-seven per cent of actual value as the assessed value of the property. Appellants have paid on the basis of a forty per cent assessed valuation and object to the balance.

Section 1 of article 9 of the State constitution requires uniformity in taxation. This requirement lies at the foundation of all taxing power of the State. (*People* v. *Orvis,* 301 Ill. 350; *People's Gas Light Co.* v. *Stuckart,* 286 id. 164; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 300 id. 399; *Hanover Fire Ins. Co.* v. *Harding,* 272 U. S. 494; *Greene* v. *L. & I. Railroad Co.* 244 id. 499.) While it is stipulated that Chairman Malone of the commission would, if present, testify that the assessed value of the property of appellants was fixed and equalized in accordance with its best judgment, practically all of the other evidence in the record tends to show that no attempt was made to equalize that assessment with the assessed valuation of other property throughout the State. It has for years been apparent to taxing authorities throughout this State, as shown by opinions of this court, that taxing bodies do not take the full value of property for assessment purposes, but, on the other hand, have fixed such assessments as low as thirty-seven per cent or lower. It is apparent from the record made in this case that the tax commission knew, or should have known, of that practice, and therefore when it fixed the assessed valuation of the property of appellants at sixty per cent of its fair market value it must be held to have fixed such percentage in disregard of assessments made throughout the State. Such action brought about the lack of uniformity of which ap-

pellants complain. Counsel for appellee say, however, that the evidence shows that sixty per cent has for many years been taken by the commission as the assessed valuation of railroad properties. Such, however, does not affect the question whether such assessment meets the constitutional requirement of uniformity. While this court has never approved the practice of fixing an assessed valuation below actual value, it has declared that where taxing authorities disregard the injunction of the law and make an assessment far below the real cash value of the property, requirements of uniformity of taxation must nevertheless be observed. (*People's Gas Light Co.* v. *Stuckart, supra; First Nat. Bank of Urbana* v. *Holmes,* 246 Ill. 362; *Board of Supervisors of Bureau County* v. *Chicago, Burlington and Quincy Railroad Co.* 44 id. 229.) Such, also, was, in effect, the holding of *Sioux City Bridge Co.* v. *Dakota County,* 240 U. S. 441.) The taxing commission presumptively had knowledge as to the percentage of actual value taken for assessment purposes throughout the State. It was its duty to so assess the property of appellants as to meet the uniformity requirements of the constitution. Had it done so in this case, the taxes of appellants, under the actual value of their property as the commission evidently determined it, would have been less than what they have already paid. They have paid on an assessed valuation of forty per cent of the full assessment fixed by the commission, and they are entitled to be relieved of the balance. The court erred in not sustaining this objection. Under this view it is unnecessary to consider further objections raised.

The judgment of the county court is reversed and the cause remanded, with directions to sustain this objection of appellants. *Reversed and remanded, with directions.*

Mr. JUSTICE JONES, specially concurring: I agree with the conclusion but not in all that is said in this opinion.