(No. 23796.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* JOHN M. PLAYER *et al.* Appellants.

*Opinion filed December 10, 1936—Rehearing denied Feb. 4, 1937.*

GEORGE I. HICKS, for appellants.

OTTO KERNER, Attorney General, (JOHN F. McGINNIS, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an action of debt prosecuted by the Department of Finance pursuant to authority conferred by section 5 of the Retailers' Occupation Tax act. (State Bar Stat. 1935, p. 2707.) The case was started before a justice of the peace in DuPage county, so there were no formal pleadings. The justice of the peace gave judgment for plaintiff, and the cause was appealed to the circuit court for trial *de novo*. At the close of the proof offered by the Department of Finance the defendants moved to dismiss for two reasons: (1) That no showing had been made under the act; and (2) that no sufficient proof had been offered to substantiate any claim. The trial court overruled the motion, and, the defendants resting their cases, a finding for the plaintiff, with judgment in the sum of $318.75, was entered. This judgment represented a tax of $225, plus a twenty-five per cent penalty, as provided by the statute.

Section 5 of the act referred to, provides that if any person coming within its purview fails to make the returns which are required, the Department of Finance, after notice and hearing, shall determine the amount of such tax according to its best judgment and information, and further provides that the amount so fixed by the department shall be *prima facie* correct. Section 7 of the act requires every person subject to its provisions to keep records and books of all of his sales of tangible personal property, together with invoices, bills of lading, sales records, copies of bills of sale, and other pertinent papers and documents. It further provides that such books and records shall be

subject to inspection by the department or its agents at all times during business hours, and requires that they be kept for a period of at least two years, unless the department in writing authorizes their destruction or disposal at an earlier date. Section 12 of the act confers upon circuit and superior courts the power to review all questions of law or fact determined by the department in the administration of the provisions of the act by writ of *certiorari*. It is provided that such writ shall be issued upon *præcipe* and served at least ten days before the return day thereof. The commencement of such a proceeding is limited to twenty days after the tax-payer has notice of the department's decision in any such matter.

In the case at bar the appellants failed to make any returns and refused investigators from the department any permission to examine their books, records or documents. One of the defendants called as a witness testified that they did not keep any books and he could not make any estimate of their business. The tax was fixed by the department from the best evidence obtainable by it under the provisions of section 5 above mentioned. This was duly certified in accordance with the provisions of the act, the defendants were given notice thereof, and no proceeding by *certiorari* or otherwise was taken for a review of that finding.

It is contended by appellants that the determination above arrived at is not a sufficient basis for the judgment of the trial court. It is urged that other proof was necessary to establish the amount due from the defendants. This contention cannot be sustained. The act specifically provides that the amount fixed by the department when no books are kept shall be *prima facie* correct, thus putting the burden upon the tax-payer to overcome the case so made. The defendants below, who are appellants here, did not deny receipt of notice of the hearing to fix their liability, did not deny having received notice of the amount so fixed, together with demand for payment thereof, did

not deny that they had failed to keep the books required by the act, did not deny that they had failed to take any steps by *certiorari* to have the finding of the department judicially determined, and did not deny that some tax was due.

We hold that the Department of Finance made a *prima facie* case, and, no defense having been interposed, the judgment of the trial court is right and will be affirmed.

*Judgment affirmed.*