(No. 24735.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* HERMAN GOLD, Appellant.

*Opinion filed October 17, 1938.*

SOL R. FRIEDMAN & I. S. FRIEDMAN, for appellant.

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and MORTIMER PORGES, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the municipal court of Chicago in an action in debt to recover the sum of $2080.46, assessed by the appellee, the Department of

Finance, against appellant, as a retailers' occupation tax provided by an act of the General Assembly as in force at the time the judgment was entered. (State Bar Stat. 1935, chap. 120, p. 2705.) As the matter involves the constitutionality of section 8 of the act, and as the State revenues are involved, the appeal has been taken directly to this court.

It appears that appellant failed to make return or to pay the retailers' occupation tax as provided by the act, and the Department of Finance, after notice to the appellant and a hearing, assessed a tax which, with the penalty, amounted to the above named sum. The period covered by the tax assessed was from July, 1933, through March, 1936. After the assessment of the tax, appellee gave appellant notice of the tax found due, which was not paid, and no review by *certiorari* of the appellee's finding, as provided by the act, having been sought, this action in debt was brought by the department to reduce to judgment the taxes and penalty.

Appellant filed an affidavit of defense denying indebtedness in any amount and alleging that appellee lacked cogent *data* upon which to base the assessment of the tax against him. This affidavit of defense was stricken on motion of the appellee. Appellant filed an amended affidavit realleging lack of indebtedness in any sum and, in addition, alleging that the act violated article 3 of the constitution of this State. This affidavit of defense was likewise stricken on motion, and appellant ordered to file a second amended affidavit of defense. This he did, realleging his lack of indebtedness in any sum and averring that he did not own or conduct a business of any kind during the period for which appellee was claiming the tax. On appellee's motion this defense was also stricken and judgment was entered against the appellant.

Appellant's assignments of error in his brief urge the following propositions: (1) Section 8 of the Retailers'

Occupation Tax act, as it then existed, delegates judicial power to the Department of Finance in violation of article 3 of the constitution; (2) the findings of the Department of Finance were merely *prima facie* correct and not conclusively so; (3) where the defendant denies any indebtedness for the tax, he states a valid defense to an action in debt by the department to recover the same; (4) the statute, in providing for review by *certiorari,* is merely an additional remedy, as it contains no negative, express or implied, of a remedy theretofore existing, and such new remedy is cumulative and not exclusive, and that the party affected by this provision may elect which remedy he shall pursue.

Section 5 of the Retailers' Occupation Tax act provides that where any person engaged in the business of selling tangible personal property at retail, fails to make a return, as required by the act, "the department, after notice to such person and a hearing thereon, shall determine the amount of such tax according to its best judgment and information, which amount so fixed by the department shall be *prima facie* correct, and such person having so failed to make such return shall, within ten (10) days after notice of the amount of said tax so fixed and computed by the department is mailed to such person, pay said tax, together with a penalty of twenty-five per cent (25%) of the amount of the tax." This section also provides for interest at the rate of one per cent per month if such tax and penalty are not paid within ten days. It further provides: "In any case of failure to pay the tax, or any portion thereof, or any penalty or interest provided for in this act, when due, the department may recover the amount of such tax, penalty and interest in an action of debt. The collection of such tax, penalty and interest shall not be a bar to any prosecution under this act."

It is also provided by section 8 of the Retailers' Occupation Tax act that, for the purpose of ascertaining the

correctness of any return or determining the amount of tax due from any person engaged in the business of selling tangible personal property at retail, "the department or any officer or employee of the department designated, in writing, by the director thereof, may hold investigations and hearings concerning any matters covered by this act and may examine any books, papers, records or memoranda bearing upon the sales of tangible personal property of any such person and may require the attendance of such person or any officer or employee of such person, or of any person having knowledge of such sales, and may take testimony and require proof for its information." It is also provided that no informality in proceedings or manner of taking testimony shall invalidate any order or decision made or approved or confirmed by the department. Power is given the department, or any such officer or employee thereof, to administer oaths.

Section 12 provides notice, and the method of giving same, and that the hearings shall be held in the county where the taxpayer resides or has his principal place of business. This section also provides: "The circuit and superior court of the county wherein the taxpayer resides or has his principal place of business shall have power to review all questions of law and fact determined by the department in administering the provisions of this act by writ of *certiorari* to the department." Such writ shall be issued by the clerk of the court and shall be served at least ten days before the return day thereof. The department is required to certify to the court the record of its proceedings if the taxpayer shall pay to it the sum of five cents per one hundred words of such record.

In support of appellant's contention that section 8 violates article 3 of the constitution, he insists that the act places the duty of determining the amount of any tax due from any person under the act in the hands of any employee of the department designated, in writing, by the director,

without setting forth any qualifications of such employee or rules for his procedure other than that he be an employee. His counsel rely on what was said by this court in *Chicago-land Agencies, Inc.* v. *Palmer*, 364 Ill. 13. The act under consideration there is here claimed to be, in this regard, analogous to section 8. In the *Palmer case* the act considered delegated to an employee of the Department of Insurance, without requiring such employee to have any knowledge of the rudiments of the business of insurance agent or broker, and without setting forth rules by which he was to be governed, the authority to issue or deny the issuance of a license to an applicant as insurance agent or broker and to deny the renewal of such license or to revoke one already issued. This court there held that, because of this, the act was incomplete and amounted to an unconstitutional delegation of authority. In *People* v. *Federal Surety Co.* 336 Ill. 472, cited by appellant, section 23 of the Illinois Securities act was held incomplete, as no one could tell from it the amount of the bond required for the issuance of a license to a dealer or broker in securities until the Secretary of State had announced such amount and the terms and conditions of any particular bond. The act was also silent as to rules to be followed in determining such matters.

It is the rule in this State that the legislative department cannot, under the constitution, vest in an administrative body discretion and power to determine and establish standards of duty not definitely found within the language of the act itself. (*Boshuizen* v. *Thompson & Taylor Co.* 360 Ill. 160; *People* v. *Beekman & Co.* 347 id. 92.) Section 8 of the Retailers' Occupation Tax act is not open to this objection. The duty delegated to the Department of Finance or an employee thereof, involves no discretion such as that found in the cases cited, but the duty of the department is solely to ascertain, from the books, papers and records or memoranda bearing thereon, the sales of tan-

gible personal property by such person, for the purpose of ascertaining the correctness of any return or for the purpose of determining the amount of the tax due, the rate of the tax being fixed in the act. Where no return is made it is the duty of the department, under section 5, where the department finds that one engaged in the business of selling tangible personal property at retail has failed to make a return as required by the act, to determine the amount of the tax due from such person according to its best judgment and information.

These considerations render clear the distinction between the act under consideration here and those before this court in the cases cited. We are of the opinion that section 8 does not violate article 3 of the constitution.

Appellant's remaining assignments go to his claimed right to make a defense in this suit as to the sufficiency of the evidence before the department when its findings were made, and his claim of right to make the defense that he did not own the business made subject to the tax by the department, and so did not owe any tax. The argument is that since, by the provisions of section 5, the findings of the department are but *prima facie* correct, appellant has a right, in defense to an action in debt for the amount of tax fixed by the department and the penalty, to offer proof that he did not owe any tax, by showing that he did not make any sales of tangible personal property during the period for which the tax is assessed. Appellee, on the other hand, argues that the question of appellant's liability for this tax was one of fact, and the act, having afforded a review of the findings of the department by *certiorari* in the circuit or superior court, of which remedy the appellant failed to avail himself, those defenses are not open to him in an action in debt to reduce the tax to judgment.

Appellant, in support of his contention that he is entitled to make the defenses offered, strongly relies upon *Maxwell* v. *People,* 189 Ill. 546, and *People* v. *City of Tou-*

*lon,* 300 id. 408. In the *Maxwell case* it was sought to subject real property to the payment of a certain personal property tax and the taxpayer sought to defend on the ground that she was not a resident of the State and that her personal property was not located in this State. This complaint was made before the board of review but was disregarded. She then sought to have the matter presented by the Auditor of Public Accounts to this court in conformity with a certain then applicable statute, which the Auditor refused to do. It was there held that two remedies were provided in the same act and were concurrent, and that the taxpayer was entitled to pursue either remedy. It was there also held that the board of review had no jurisdiction over the personal property in that case, since the complainant was not a resident of the State and her personal property had *situs* with her. In *People* v. *City of Toulon, supra,* the property assessed for taxation was claimed exempt as a public park, and it was held there that the owners had a right, under the statute, to make application to the board of review for the purpose of having that body determine whether the property was exempt from taxation, and, if the matter was decided against them, to have the decision of the board reviewed as provided by the act. But it was held that such remedy was not exclusive, that the question of exemption was to be determined before the county court upon application of the collector for judgment and order of sale, and that the two remedies provided by the Revenue act were concurrent or cumulative, only. Thus, two different remedies were provided by the statute. Such is not the case here.

The intention of the legislature, in the enactment of section 12 of the Retailers' Occupation Tax act, as it seems to us, is that the taxpayer shall be given the right to contest the decision of the department by *certiorari,* which remedy he must apply for within twenty days after he has notice of the department's decision in the matter, and that,

in the absence of any such review, the findings become final. The language of section 5, that in a case such as this, where the department fixes the amount of the tax, the amount so fixed shall be *prima facie* correct, can scarcely be construed as showing legislative intent that the finding of the department shall remain but *prima facie* correct after such finding has been reviewed and confirmed on *certiorari*. It seems clear, therefore, that by fixing the limit of time in which *certiorari* may be sued out, it was the intention of the General Assembly that where the taxpayer fails or refuses to seek such review within the time limited, the decision of the department is to be taken as final. The result of any other construction would, in cases such as the one before us, naturally be to encourage the taxpayer to disregard the remedy of *certiorari* provided by the act, and to try the merits in the action in debt. An action in debt is for money judgment. There is nothing in the act to justify the court in holding that a decision in an action in debt is, in legal effect, a confirmation or denial of a decision of the department assessing the tax. On the other hand, in case the taxpayer seeks the remedy of *certiorari* provided by the act, the court either quashes the writ, thus confirming the finding of the department, or quashes the record, thus leaving the question of assessing a tax, if any, in the Department of Finance where the act places it. In neither case can it be said that the court is assessing the tax. True, if, as in the *Maxwell case,* the Department of Finance had jurisdiction of neither the subject matter nor the person, its findings are subject to collateral attack at any time. So with fraud or lack of constitutionality of the act under which the department is acting. In any of these cases the decision of the department is void and of no effect. Here no question of fraud or want of jurisdiction is raised. The question of the constitutionality of the act is one of law which was raised in the trial court, and passed upon by it,

and, as we have herein held, passed upon correctly on the motion to strike the affidavit of defense.

The provisions of section 12 are that the circuit and superior court of the county wherein the taxpayer resides have power to review all questions of law and fact determined by the department administering the act. Whether appellant was conducting the business here involved and so, whether he owed any tax, was a question of fact the department's decision of which could have been reviewed on *certiorari*. A rule to be applied in this case is that announced in *People* v. *Elmwood Cemetery Co.* 317 Ill. 547, where the cemetery company sought to defend in an action in debt for a tax fixed by taxing authorities. The cemetery company failed to appear before the State Tax Commission to have the valuation of the capital stock reduced. This court there called attention to the fact that the trial court, in the action in debt, found the capital stock had some value and should pay some tax and substituted its judgment as to what that tax should be. It was held that the court had no authority so to do, this court there saying: "In an action in debt to collect delinquent taxes, irregularities in the assessment of taxes or over-valuation by the taxing authorities, not amounting to fraud, cannot be inquired into. Where the statute provides a remedy against excessive assessment or valuation of property the taxpayer must avail himself of this remedy and cannot resort to the courts in the first instance in defense of an action for collection of a delinquent tax."

A holding of like effect was made in *People* v. *Oakridge Cemetery Corp.* 328 Ill. 53. That case, also, was an action in debt for recovery of a tax levied on the assessment of its capital stock. It was sought to introduce evidence to show that the assessment made by the State Tax Commission was excessive, but this court there declared: "This is an action in debt for the collection of a tax and is a col-

lateral action. The appellant seeks the benefit of evidence in defense of that action which it had no right, under the established rules of law, to offer in defense of the assessment in a direct proceeding in court on appeal from the decision of the tax commission. It is a fundamental rule of law that one may not be permitted to do indirectly that which he cannot do directly. Appellant having failed to avail itself of the remedy provided by law for over-valuation of its capital stock, cannot urge such defense in an action for the collection of the amount of the tax." To like effect are *United States Trust Co.* v. *Mayor,* 144 N. Y. 88, 39 N. E. 383; *State Tax Com. of Utah* v. *J. & W. Auto Service, Inc.* 66 Pac. (2d) (Utah) 141.

In *People* v. *Illinois Central Railroad Co.* 355 Ill. 605, the railroad company sought to defend against the application for judgment for delinquent taxes and the oft-repeated rule was again announced, that in the absence of specific statutory grant of other review, errors in judgment of the taxing authorities not amounting to fraud, "the objector's remedy lies in an application to such agencies as have been provided by the statute for hearing complaints of that character, and resort to the courts may not be had before such remedy has been exhausted," citing *Kinderman* v. *Harding,* 345 Ill. 237, *Hettler Lumber Co.* v. *County of Cook,* 336 id. 645, *Keokuk and Hamilton Bridge Co.* v. *People,* 145 id. 596, and other cases.

Counsel for appellant cite *Department of Finance* v. *Player,* 365 Ill. 215. That was a case arising under this act. In that case no defense was sought to be made and the contention made in this court was that the determination of the department did not afford sufficient basis for a judgment in debt. In that case, as here, no return was made by the taxpayer and the tax was fixed by the department from the best evidence obtainable. It was held that no defense having been offered, the decision of the department afforded sufficient basis for the judgment. None of

the questions raised here was in that case and this court did not pass upon the question of the right of the taxpayer to defend that he owed no tax where he had made no return and did not seek the remedy of *certiorari.* We are of the opinion that the act is not open to the constitutional objections urged, and that the court did not err in refusing to hear the defense offered by appellant.

The judgment of the municipal court will, therefore, be affirmed.

*Judgment affirmed.*