THE PEOPLE *ex rel.* Thomas F. Dunn, County Collector,

\ *v.*

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY CO.

*Opinion filed December 16, 1903.*

1. TAXES—*act of 1873 did not change system of taxation of railroad property.* The act of 1873, providing for the assessment of bridges by the local assessor, (Rev. Stat. 1874, p. 907,) does not change the system of taxation of railroad property prescribed by the Revenue act of 1872. (*Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 26, followed.)

2. SAME—*when local assessor cannot assess a bridge.* If the entire structure used by a railroad company for railroad track and a toll bridge across a navigable stream forming the boundary between Illinois and another State is assessed by the State Board of Equalization as "railroad track," the local assessor has no authority to make an assessment upon the entire structure.

3. SAME—*when judgment of sale for local assessor's tax must be refused.* Where the entire bridge across a navigable stream forming the boundary between Illinois and another State is assessed by the State Board of Equalization as "railroad track" and also by the local assessor, if any portion of the bridge is "railroad track" the county court cannot apportion the taxes and enter judgment of sale for the amount it might find due under the assessment of the local assessor as property other than railroad track.

4. SAME—*act of 1899, for purchase of railroad or toll bridges, construed.* The act of 1899, (Laws of 1899, p. 116,) providing for the purchase by a foreign corporation of any railroad or toll bridge, in so far as it applies to the assessment of such bridge for taxation, merely directs that such assessment shall be according to the laws of Illinois respecting the assessment of railroad property.

APPEAL from the County Court of Hancock county; the Hon. W. C. HOOKER, Judge, presiding.

This was an application by the county treasurer and *ex officio* collector of Hancock county, Illinois, to the county court of that county, for a judgment against what is commonly called the Fort Madison Railroad and Toll Bridge for delinquent taxes of 1901, assessed by the local assessor.   The Atchison, Topeka and Santa Fe Railway Company filed objections to the rendition of the judgment, claiming to be owner of the bridge and that it was part of its railroad track, "and as such had been returned by it to the State Board of Equalization; that the State Board of Equalization had assessed the same as part of the railroad track" of the railway company, and that it had paid the taxes so assessed.

A stipulation signed by the counsel contained the following salient facts: The defendant railway company is a corporation organized and existing under the laws of Kansas, operating its line of railroad from Chicago, Illinois, extending through Hancock county, over the bridge in question, and on to Kansas City and other points. The Mississippi River Railroad and Toll Bridge Company was a corporation duly organized and existing under the laws of the State of Illinois, and under its franchise erected its bridge, having thereon the railroad track, and on either side of the railroad track a toll road for the use of teams and foot passengers in crossing.   The bridge and approaches constitute one continuous property.  Prior to June 1, 1900, the railway company, under a lease, used the line of railway for its railway purposes and the bridge company operated the toll bridge.   On June 1, 1900, the railway company purchased, under and by virtue of the statute of this State, the said bridge, approaches and other property rights and franchises. The railway company, for the year 1901, in accordance with chapter 120 of the Revised Statutes of this State, made out and filed with the county clerk of Hancock county and the Auditor of Public Accounts of this State the written statements or schedules, duly verified, showing all the matters re-

quired by statute to be shown. In these statements so returned by the railway company the property in question was returned as being a part of the main track of the railway company, and the State Board of Equalization valued and assessed, for the year 1901, the property in question as being a part of the main track of the railway company, and all the taxes, general and special, were thereupon accordingly levied and extended against the property as a part of the main track, upon the valuation made by the State Board of Equalization, which taxes have been paid by the railway company to the county collector and *ex officio* treasurer of Hancock county. The assessor for Appanoose township, for the year 1901, also made and returned his alleged valuation and assessment of said property in question as a separate and distinct property, placing his valuation at $400,000 and the assessed value for taxation at $80,000, and on this valuation returned by the local assessor, the taxes, general and special, amounting to $2216, were extended against the property in question, and for which the application for judgment is made.

The objections of the defendant company were sustained by the county court and judgment was refused, from which judgment sustaining the objections this appeal was perfected.

CHARLES H. GARNETT, State's Attorney, and APOLLOS W. O'HARRA, for appellant:

A combined railroad and toll bridge used for general purposes of travel is subject to local taxation, and the return of the bridge by the railroad company to the State Board of Equalization as a part of the road's mileage does not exempt it from assessment by the local assessor as an independent structure. *Railroad Co.* v. *Devereux,* 41 Fed. Rep. 14.

The act of May 1, 1873, provides "that all bridge structures across any navigable stream forming the boundary

line between the State of Illinois and any other State shall be assessed by the township or other assessor in the county or township where the same is located, as real estate." The bridge in question is across the Mississippi river from the Illinois to the Iowa shore, and comes within the letter of this statute.

The bridge under consideration being a toll bridge and used for general travel, is not, as this court said in *Anderson* v. *Railroad Co.* 117 Ill. 26, "used exclusively as a railroad track." That case, therefore, should have no controlling effect in this one.

Where property is used for other than railroad purposes, or only partially for railroad purposes, and a revenue is derived from such other use, it cannot be assessed as "railroad track," as provided in the general Revenue law for assessment of railroad right of way. *LeBlanc* v. *Railroad Co.* 72 Miss. 669; *Railroad Co.* v. *People*, 136 Ill. 660.

The assessment of the bridge in question by the State Board of Equalization, based upon the voluntary but improper return of the bridge by the railroad company as "railroad track," and the payment of the taxes so assessed, cannot be availed of as an objection to the application for the delinquent tax extended thereon upon an assessment properly made by local assessor. *Railroad Co.* v. *People*, 136 Ill. 660; *Railway Co.* v. *People*, 195 id. 184.

ROBERT DUNLAP, JOHN D. MILLER, and LEE F. ENGLISH, for appellee:

The act approved April 21, 1899, and in force July 1, 1899, (Laws of 1899, p. 116,) applies to the bridge property acquired by the objector from the Mississippi River Railroad and Toll Bridge Company, and requires the State Board of Equalization to assess such entire bridge property.

Even if the act of 1899 did not apply, the entire bridge property in question would still be assessable by the State Board of Equalization only, since the bridge is one

indivisible structure. It is what is termed in the Revenue act "railroad track," and is owned by the objector, which is a railroad company, and an assessment of such property by a local assessor is without warrant of law. *Railway Co.* v. *Miller*, 72 Ill. 144; *Law* v. *People*, 87 id. 385; *Porter* v. *Railroad Co.* 76 id. 561; *Railroad Co.* v. *People*, 98 id. 350; *Anderson* v. *Railroad Co.* 117 id. 26; *Railroad Co.* v. *People*, 99 id. 464; *Railway Co.* v. *Goar*, 118 id. 134; *Railroad Co.* v. *People*, 129 id. 571; *Railroad Co.* v. *People*, 153 id. 409; *Railway Co.* v. *People*, 156 id. 437; *Railway Co.* v. *Grant*, 167 id. 489; *Bridge Co.* v. *People*, 176 id. 267; *Railroad Co.* v. *People*, 196 id. 606.

Mr. JUSTICE RICKS delivered the opinion of the court:

The question presented for our consideration is, whether a local assessor was authorized by law to place an assessment on a bridge over a navigable stream forming the boundary line between the State of Illinois and the State of Iowa, which bridge was owned by the defendant railway company and by it used as a part of its main track and for a toll bridge.

The statute of 1873 provides that "all bridge structures across any navigable streams forming the boundary line between the State of Illinois and any other State shall be assessed by the township or other assessor in the county or township where the same is located, as real estate." (Hurd's Stat. 1899, par. 354, p. 1457.) This court, in construing the above provision, said: "It appears in the case that there were in 1873 eight bridges spanning the Mississippi river, all of which, except the one in question and that at Rock Island, were erected by bridge companies, and have ever since been, respectively, the property of such bridge companies, and not the property of any railroad company. Such bridges of bridge companies had been regarded as personal property, and as not liable to be sold for delinquent taxes so as to convey a good title thereto, and to meet a necessity in that

respect the statute was passed, and for no other purpose. * * * It was not the purpose of the act to change the method of taxing railroad property or the mode of assessing it. It was of the system of taxation of railroad property to distribute the tax upon the main track of railroad among all the counties in the State through which the road runs, by a certain rule of proportion. The assessment or taxation of railroad property, as such, was not in the mind of the legislature, and there being no intention to make any change in the system of the taxation of railroad property, we must hold that no change therein, as to the mode of assessment and taxation of the main track of railroad, was effected by the act; that broad as are its terms, 'all bridge structures,' it did not include the bridge in question, it being railroad track. As such, it was alone assessable by the State Board of Equalization, and the assessment of it by the local assessor was without warrant of law." *Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 26.

It is insisted by appellant that this decision has no application here, for the reason that in the case at bar the bridge is used by the railway company not only for its railroad track, but also for a toll bridge, while in the case above quoted the bridge was used by the railroad company exclusively for its railroad track. We are not called upon to determine in this case whether the State Board of Equalization acted within warrant of law in assessing the entire bridge. If this were the question, it would become necessary to determine whether the decision in *Anderson* v. *Chicago, Burlington and Quincy Railroad Co.*, applying to a bridge used exclusively for railroad purposes, also disposed of the question where the railroad company operates a toll bridge on either side of its main track. The question before us is whether the local assessor had authority to assess the entire structure, and upon this point the *Anderson case* is undeniably controlling, because it pointedly holds that the act of 1873, pro-

206—17

viding for assessment of bridges by local assessors, does not make any change in the system of taxation of railroad property. This being so, we are not concerned with the provisions of the above act of 1873, and confine ourselves merely to the question whether, under the system of taxation of railroad property in this State, the local assessor had the authority to assess the entire structure, including the railroad track.

The Revenue law of 1872 (sec. 42) provides, that "such right of way, including the superstructures of main, side or second track and turn-outs, and the station and improvements of the railroad company on such right of way, shall be held to be real estate for the purposes of taxation, and denominated, 'railroad track,' and shall be so listed and valued." Section 48 provides that the railway company shall return to the Auditor of Public Accounts sworn statements or schedules, first of the property denominated "railroad track;" and section 50 provides that "the Auditor shall, annually, on the meeting of the State Board of Equalization, lay before said board the statements and schedules herein required to be returned to him; and said board shall assess such property in the manner hereinafter provided."

By the above sections the State Board of Equalization had the exclusive authority to assess that part of said bridge which comes within the meaning of "railroad track," and the assessment of such part by the local assessor was without authority of law. Just how much of the bridge may be denominated "railroad track," and whether the local assessor was warranted in assessing any portion of the bridge, are questions which we are not by this appeal called upon to decide. As we have pointed out, the question before us is whether a judgment should be entered for the taxes of 1901 assessed by the local assessor, and it is undoubtedly true that the local assessor acted without authority in assessing so much of the bridge as falls within the meaning or defi-

nition of "railroad track," as the same is understood un-
der the Revenue law of this State. This is obviously a
sufficient irregularity to require us to sustain the court
below in its refusal to enter the judgment for which ap-
plication is made. If we should assume that a portion
of the bridge would not be denominated "railroad track,"
and that as to that portion the local assessor was war-
ranted in making the assessment, it would be impossible,
constitutionally and practically, for the court to appor-
tion the taxes and render judgment for the amount it
should find due upon the property that might not be de-
nominated "railroad track." *Chicago and Alton Railroad
Co.* v. *People*, 98 Ill. 350; *Wabash Railroad Co.* v. *People*, 196
id. 606.

It is urged by the appellee that a provision of the
statute under and by virtue of which the railroad com-
pany purchased the bridge, required the State Board
of Equalization to assess such entire bridge property.
(Hurd's Stat. 1899, p. 1362.) The statute referred to per-
mits the sale and conveyance in fee simple, or otherwise,
from the one to the other corporation, of a railroad and
toll bridge, and provides "that the railroad company or
corporation which purchases any railroad, or railroad
and toll bridge in this State shall operate such railroad
or railroad and toll bridge situated within this State, and
hold such property situated within this State, and the
franchises so acquired, subject to all the rights, powers,
privileges, duties and obligations prescribed by the gen-
eral railroad laws of this State for the regulation, gov-
ernmental taxation or control of railroads organized, or
which may be organized, under the laws of this State."
This statute, as applied to the case at bar, merely pro-
vides that such railroad shall hold and operate such
property subject to the laws of Illinois for the taxation
of railroad property. The law of Illinois for the tax-
ation of railroads divides all real estate into "railroad
track" and "real estate other than that denominated 'rail-

road track.'" "Railroad track" is assessable by the State
Board of Equalization and "real estate other than rail-
road track" is assessable by the local assessors.   It is
clear, then, that the statute referred to by counsel for
appellee does no more than to require the bridge prop-
erty to be taxed according to these laws.   If the entire
bridge may be denominated "railroad track" under the
statute and decisions of the State, then the State board
would be required to assess the entire bridge; but if a
portion of the bridge cannot be denominated "railroad
track," then that portion must be assessed locally.

A consideration of the question whether the entire
bridge may be denominated "railroad track" under the
statute and decisions of this State is not necessary to a
determination of the case before us, and we are not dis-
posed to take it up in view of the fact that the record
contains no evidence whatever concerning the details of
the bridge and its operation.   It is asserted by counsel
for appellant, in his argument, that the toll feature of
the bridge is very prominent, and that the defendant "is
receiving a constant and large revenue from the tolls
collected from those using it for other than railroad
purposes;" and by counsel for appellee, "it is confidently
asserted that there is in fact a loss" in maintaining the
toll part of the bridge; but the record does not contain
a syllable of evidence on these or any other detailed
matters which would be of assistance to a court in de-
termining whether the entire bridge shall be denomi-
nated "railroad track" or "real estate other than railroad
track."   We find, however, that a portion of the bridge in
question was railroad track, and was assessable only
by the State Board of Equalization.   The assessment of
the entire bridge by the township assessor was without
warrant of law.

The judgment of the county court is accordingly af-
firmed.                              *Judgment affirmed.*