THE PEOPLE ex rel. Rudolph Anton, County Treasurer,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY.

*Opinion filed February 21, 1907.*

1. TAXES—*railroad property need not be used exclusively for railroad purposes.* Property used mainly for railroad purposes does not lose its character as railroad property because it is used, to a certain extent, for other purposes.

2. SAME—*combination railroad and toll bridge properly classed as railroad track.* A bridge owned by a railroad company and used mainly for railroad purposes, although roadways for wagons are attached to the bridge by brackets and toll charged for use of such roadways, is properly classed, in its entirety, as railroad track, and when so assessed by the State board any attempt by the local authorities to tax the easement in the bridge and the support furnished by it and its piers to the roadways is to that extent an attempt to tax what has already been assessed and taxed.

3. SAME—*right to operate toll bridge is a franchise.* The right of a railroad corporation to operate a toll bridge and take tolls is a franchise, which the local assessor or board of review has no power to assess for taxation; and if such franchise is included in an attempt by the assessor or board of review to assess the bridge itself the tax is illegal.

APPEAL from the County Court of Hancock county; the Hon. J. W. WILLIAMS, Judge, presiding.

GEORGE V. HELFRICH, State's Attorney, (DAVID E. MACK, of counsel,) for appellant:

The toll wagon roadways are subject, properly, to a separate assessment and taxation from that portion of the bridge occupied and used as a railroad track, and said toll wagon roadways are not properly "railroad track." *Railroad Co.* v. *People,* 4 Ill. App. 471; *Railroad Co.* v. *People,* 98 Ill. 351; *Railroad Co.* v. *People,* 136 id. 660; *Railway Co.* v. *People,* 195 id. 184; *Railroad Co.* v. *People,* 129 id. 571; *People* v. *State Board,* 205 id. 296; *Railway Co.* v. *Grant,* 167 id. 489; *Railway Co.* v. *People,* 156 id. 437;

225—38

*People* v. *Railroad Co.* 116 id. 181; *Railroad Co.* v. *People,* 99 id. 464; *People* v. *Railroad Co.* 215 id. 177; *Railroad Co.* v. *People,* 218 id. 463.

If the property in question was improperly returned as "railroad track" to the State Board of Equalization and by them assessed as such when it was not, in fact, "railroad track" but real estate other than "railroad track," the same is assessable by the local assessor and liable for the taxes levied thereon. *Railroad Co.* v. *People,* 136 Ill. 660; *Railway Co.* v. *People,* 95 id. 184; *Sellers* v. *Barrett,* 185 id. 466.

This is not an assessment of a franchise in whole or in part, as contemplated by section 3 or section 34 of the Revenue act, but is an assessment of real estate under a complete and adequate description of the same. 27 Am. & Eng. Ency. of Law, (2d ed.) 683; *Koelling* v. *People,* 196 Ill. 353; *Porter* v. *Railroad Co.* 76 id. 561.

ROBERT DUNLAP, JOHN D. MILLER, and LEE F. ENGLISH, for appellee:

The bridge is one indivisible structure, and having been assessed as "railroad track" by the State Board of Equalization, no part of it can legally be assessed as real estate other than "railroad track." *State* v. *Railroad Co.* 97 Mo. 348; *Navigation Co.* v. *Commissioners,* 11 Pa. St. 202; *Railway Co.* v. *Douglas County,* 122 Wis. 273; *Railway Co.* v. *Crawford County,* 48 id. 666.

The right to attach the toll roadways to the central portion of the bridge, and to operate the toll roadways, is a franchise. Chitty's Blackstone, book 2, pp. 37, 38; *People* v. *Holtz,* 92 Ill. 426; *Gas Light Co.* v. *Town of Lake,* 130 id. 42; *Rohn* v. *Harris,* 130 id. 525; *Turnpike Road Co.* v. *Campbell,* 44 Cal. 89; *Londoner* v. *People,* 15 Col. 246.

Each of the taxes attempted to be levied upon the property of objector is specifically levied upon the franchise to operate the toll bridge, and such tax is void for the reason that the board of review had no authority to assess corpo-

rate franchises for the purpose of taxation. Hurd's Stat. 1903, chap. 120, sec. 3, par. 4; *Telegraph Co.* v. *Lieb,* 76 Ill. 172; *Railroad Co.* v. *Vance,* 96 U. S. 450. .

The entire bridge property having been returned to the Auditor of Public Accounts each year, and having been assessed by the State Board of Equalization, no part of the bridge is omitted property and cannot be legally assessed as such by the board of review. *Allwood* v. *Cowen,* 111 Ill. 481; *Railway Co.* v. *People,* 123 id. 648; *Railroad Co.* v. *People,* 196 id. 606.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Hancock county applied for judgment and order of sale, for taxes for the years 1901, 1902, 1903 and 1904, of two toll wagon roadways, one on either side of that part of the railroad bridge of the appellee across the Mississippi river extending from the Illinois shore to the center of the main channel of the river, and the approaches to said roadways and abutments and piling upon which said approaches rest, the said roadways consisting of floors, side walls, supports, braces, stays and irons and timbers attaching said roadways to said railroad bridge, together with the right to have said roadways attached to said railroad bridge as they are now attached and to operate said toll roadways as they are now operated. The appellee filed objections to the application, alleging that the bridge is an indivisible structure and a part of its railroad track, and must be taxed as such; that the assessment and levy is an attempt to tax the franchise of appellee, and that the entire bridge has been assessed by the State Board of Equalization, and therefore a part of it cannot be taxed as property omitted from taxation. The county court sustained the objections and refused judgment, and thereupon this appeal was taken by the county collector.

The facts were agreed upon by stipulation. The defendant is a corporation existing under the laws of the State of Kansas and operating a line of railroad from Chicago through this State across the Mississippi river at Fort Madison, Iowa, over the bridge in question, and from thence to Kansas City and other points. In February, 1882, the Fort Madison and Illinois Railway and Bridge Company was organized under the laws of Iowa, in pursuance of an act of Congress of May 25, 1872, for the purpose of constructing and maintaining a railroad and wagon bridge across the Mississippi river at Fort Madison, Iowa. The corporation was authorized, with the consent of the board of supervisors of the county in which the bridge was to be partly located, to construct a railroad bridge with suitable highways and footways for teams and foot passengers, and to charge toll therefor. The board of supervisors of Lee county, Iowa, in which Fort Madison is located, gave the required consent. In October, 1886, the Mississippi River Railroad and Toll Bridge Company was incorporated under the laws of this State, with power to construct, maintain and operate the bridge in question, and in December of that year the Iowa corporation assigned to the Illinois corporation all its rights, property and franchise. The Illinois corporation constructed the bridge as a railroad and toll bridge, with the approval of the Secretary of War, and it was opened for business in 1887. The main bridge was leased to the defendant, and was used by it for its railroad track, under the lease, up to June 1, 1900, and the toll wagon roadways and approaches were operated by the Illinois bridge corporation that owned the bridge. The legislature of this State passed an act approved April 21, 1899, which provides that whenever a corporation organized under the laws of another State shall be in possession of a railroad and toll bridge the whole or a part of which is situated in this State, belonging to a corporation organized or existing under the laws of this State, then the corporation of this State may sell and convey, and

such corporation of another State, as above mentioned, may purchase, in fee simple or otherwise, all of such railroad and toll bridge, or any part thereof, together with the rights, powers, privileges, franchises, immunities, and other property used in connection therewith or pertaining thereto, of the corporation of this State, and thereupon and thereafter the railroad company so purchasing shall hold, in fee simple or otherwise, and forever use and enjoy, the property so purchased, and may exercise the powers, privileges, immunities and franchises of the corporation whose property is so purchased, provided that the railroad company which purchases any railroad and toll bridge in this State shall operate such railroad and toll bridge, and hold such property and the franchises so acquired, subject to all the rights, powers, privileges, duties and obligations prescribed by the general railroad laws of this State for the regulation, government, taxation or control of railroads organized under the laws of this State. (Laws of 1899, p. 116.) On June 1, 1900, the defendant acquired the railroad and toll bridge and since that time has operated it, using the railroad track exclusively for its cars and trains and the toll wagon roadways for the use of teams, animals and foot passengers for other than railroad purposes and not as a part of or an adjunct to its railroad and charging toll for the use of the same. Up to the time of the purchase by the defendant that part of the bridge located in this State was assessed by the township assessor. For the year 1901 the assessor again assessed the entire property located in this State, and on an application for judgment objections were sustained and judgment was refused. On appeal to this court the judgment of the county court was affirmed. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 206 Ill. 252.) We then declined to consider the question whether the entire bridge should be denominated railroad track, or whether the wagon roadways should be classified as real estate other than railroad track and assessed by the local assessor, for the reason

that the record did not contain sufficient evidence for the decision of that question. The assessor again assessed the bridge property in the years 1902 and 1903, but objections to the tax were sustained by the county court and no appeal was taken. The assessor assessed the property for 1904 in the same way, but his assessment was set aside by the board of review and this assessment was made by that board for the year 1904 and the assessment for the previous years was made as for omitted property.

At the Illinois end of the bridge there is swamp land for a considerable distance, which is crossed by approaches to the roadways, and these approaches are wooden structures supported by piling separately from the piling under the railroad tracks but attached to the outside of the same. The bridge is a steel structure resting on piers, consisting of eight steel trusses, being seven fixed spans and one draw span. There are longitudinal steel beams and steel cross-girders. The wagon roadways are attached to the bridge by steel brackets extending out eight feet from the sides of the bridge on which such roadways are laid, about three feet above the railroad track and shut off from the same by wooden screens or open slats and protected by a railing on the outside. The defendant, for each of the years for which the taxes in question were levied, included in the schedule of its railroad property all that part of the bridge and approaches within this State as railroad track, stating that it was formerly the property of the bridge company and now owned by the defendant. Upon the bridge property so returned in the schedules filed with the Auditor of Public Accounts the State Board of Equalization made an assessment, and the taxes levied by virtue of the same were paid in full by the defendant.

The precise state of facts contemplated by the act of 1899 existed in the case of this bridge property. The defendant was a railroad corporation organized under the laws of the State of Kansas, and it was in possession of the rail-

road and toll bridge, which was partly in this State and which belonged to a corporation organized or existing under the laws of this State. By that act and the purchase of the bridge property the defendant, in addition to the powers which it previously possessed, acquired all the powers, privileges, immunities and franchises of the bridge company. The power to maintain and operate the toll wagon roadways and to take tolls was added to the authority of the defendant to transact railroad business. The right to maintain the toll bridge and take tolls is a franchise. (*Chicago City Railway Co.* v. *People*, 73 Ill. 541; *Chicago Municipal Gas Light and Fuel Co.* v. *Town of Lake*, 130 id. 42; 2 Blackstone's Com. 17.) The board of review was not authorized to assess the franchise of defendant to operate the toll roadways, and this is conceded by counsel for the collector, but they insist that the franchise has not been assessed. They admit that if the words "to operate said toll roadways as they are now operated," should be separated from the balance of the description, such words would describe a franchise, but they insist that those words are only a part of the description of the tangible property and the intangible right to operate the same. Counsel on both sides are agreed that without the right to have the roadways attached to and supported by the railroad bridge, and the right to operate them as toll roadways, a purchaser at a tax sale would only acquire a valueless mass of junk and the object of the assessment would be defeated. We think it entirely clear that the tax is a tax on the franchise to operate the roadways and collect tolls, and as the franchise is included, the tax is illegal and the judgment of the county court is right.

Again, the roadways are a part of an indivisible structure, which is not susceptible of separation into a railroad bridge and toll bridge without the total destruction of the roadways. A material part of the assessment made by the board of review in this case is the right to have the roadways attached to the railroad bridge as they are now at-

tached and to have the support furnished by the bridge and piers, without which the roadways are worthless. The entire bridge has been assessed by the State Board of Equalization and the taxes have been paid, and while the assessment of the roadways by the State board would not bind the local assessor if the board had no authority to assess them as a part of the bridge, (*Chicago, Burlington and Quincy Railroad Co.* v. *People,* 136 Ill. 660,) the assessment of an easement in the bridge and the support furnished by it and its piers is an attempt to again tax, to that extent, property which has already been properly assessed and taxed. The bridge proper is a part of defendant's railroad and properly classified as railroad track, and it is impossible to divide the structure into independent parcels. The toll roadways are mere appendages, and to separate them from the steel girders and deprive them of the support of the bridge would render them of no value.

As the different parts of the bridge property cannot be assessed independently the property must be assessed as a unit, and its character as a railroad bridge or toll bridge must be determined for the purpose of taxation. We think that it must be classified for that purpose according to its primary and principal use. If property is used mainly for railroad purposes it will not lose its character as railroad property for the reason that it is not used exclusively for such purpose. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Crawford,* 48 Wis. 66.) It would not be thought that a depot building on the right of way would cease to be a part of the railroad track if minor portions of it were used for some other purpose. If rooms in such a building should be occupied as a residence by an employee, or some portions were used for a news-stand or for a restaurant or lodgings not necessary as an adjunct of the railroad business, such uses would not change the character of the property. The principal and only important use of the bridge is for the trains of the defendant as a part of its railroad, and the use

of the toll wagon roadways is minor or incidental, for which the bridge would not be maintained.

We are of the opinion that the property is properly classified as railroad track and that it was legally assessed by the State Board of Equalization.

The judgment of the county court is affirmed.

*Judgment affirmed.*