(No. 22173.—

THE PEOPLE *ex rel.* Joseph B. McDonough, County Collector, Appellee, *vs.* THE GRAND TRUNK WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed October 17, 1934.*

RICHARD C. BECKETT, for appellant.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, JACOB SHAMBERG, and LOUIS H. GEIMAN, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The county collector of Cook county applied for judgment and order of sale against the property in such county of the appellant (hereinafter called the objector) for the delinquent taxes assessed against its property for the year 1930. The objector paid fifty per cent of the taxes so assessed and filed objections to the remainder of the taxes. The objections, in substance, charge that objector's property was equalized and assessed by the State Tax Commission on the basis of more than sixty per cent of the actual full cash market value, while other property throughout the State, and particularly in Cook county, was assessed at thirty-seven per cent of the actual full cash market value thereof, resulting in a discrimination against the objector, in violation of section 1 of article 9 of the constitution of this State and in violation of the equal protection and due process of law clauses of the fourteenth amendment to the federal constitution. The county court overruled the objections and entered judgment for the amount of the taxes in controversy. From that judgment this appeal is prosecuted by the objector.

All of the objector's property in Illinois is in Cook county. The objector filed with the State Tax Commission a schedule of its property showing a total valuation of $1,389,912 as of April 1, 1930. The commission did not accept such valuation but made a tentative valuation of $5,472,749. The objector appeared before the commission and objected to such valuation. After a hearing the commission reduced the valuation to $3,486,524. No appeal was prosecuted from this order of the tax commission.

It is contended by the collector that the county court was without jurisdiction to hear the issue made by the

tax objections; that the remedy of the objector was by appeal from the decision of the tax commission to the circuit court of Cook county, as provided by section 10 of the act of 1919 relating to the general powers and duties of the tax commission. (Smith's Stat. 1933, chap. 120, par. 347, p. 2430; Cahill's Stat. 1933, chap. 120, par. 115, p. 2316.) While such section provides a remedy to any person feeling himself aggrieved by an assessment made by the tax commission by granting him the right to appeal from any such assessment to the circuit court of the county wherein the property, or some part thereof, is situated, yet the same section specifically declares that such remedy by appeal should not be construed to be exclusive. The county court had jurisdiction to hear and determine the issues made by the objections.

On the trial in the county court the objector introduced testimony to prove the value of the railroad system as an entirety and then to allocate to Cook county a proportion of such value. Two methods were employed. One is referred to as the "stock-and-bond method." A witness testified that by this method the value of all the stocks and bonds of the objector as of April 1, 1930, was approximately $78,658,000. Non-operating assets of $8,203,000 were deducted from the total value of the stocks and bonds, leaving a remainder of $70,455,000, which was the full value of the property as of April 1, 1930, under such method. The other plan is called the "capitalized-earnings method." The testimony on that branch of the case showed that for the six years 1925-1930, inclusive, the average net railway operating income was $4,589,038. This amount, capitalized at six per cent, indicates a system value of $76,483,967, and represents, according to the evidence, the full fair cash market value of the railroad system under the capitalized-earnings method of valuation. The witness testified that approximately five per cent of the total value of the objector's railroad system was in Cook county. This

ratio was based on track miles, gross income and other factors. Upon the stock-and-bond method the witness stated that the full fair cash market value of the objector's property in Cook county was $3,522,750 and on the capitalized-earnings method such value was $3,824,198.

No testimony was offered to establish the value of the objector's property by proving reproduction costs less depreciation and obsolescence, nor the method commonly called "historical cost," which is proof of the original cost, plus the cost of betterments. These factors of reproduction costs and historical cost are important, although not necessarily controlling, in determining the fair cash market value of a railroad property. *People* v. *St. Louis Bridge Co.* 290 Ill. 307; *Smyth* v. *Ames,* 169 U. S. 466, 546, 42 L. ed. 819; *Missouri* v. *Public Service Com.* 262 id. 276, 287, 67 L. ed. 981, 984, 985; *St. Louis and O'Fallon Railroad Co.* v. *United States,* 279 id. 461, 484, 485, 73 L. ed. 798, 808, 809.

The basic facts from which the original costs could have been obtained were readily accessible from the appraisement of the railroad property made pursuant to an act of Congress commonly known as the Re-capture act, now repealed. The burden was on the objector to overcome, by clear and explicit evidence, the valuation placed by the tax commission on the objector's property. Such proof must show not a mere error of honest judgment in fixing such value by the taxing authorities, but must show such lack of knowledge of values or such arbitrary acts in fixing values as amounts to constructive if not actual fraud. *People* v. *National Plate Glass Co.* 344 Ill. 340, 352, 353; *People* v. *Atchison, Topeka and Santa Fe Railroad Co.* 261 id. 33; *People* v. *Sandberg Co.* 277 id. 567.

On the trial of the case a stipulation was made and agreed to be considered as evidence in the case, to the effect that the then chairman of the tax commission at the time the valuation of objector's property was made by the

commission would testify in chief that in making the assessment in question the commission equalized the objector's property on the basis of sixty per cent of the amount accepted by the commission as the full value of the property, and that on cross-examination he would testify that the actual full value accepted by the commission was derived from the returns made by the objector; that in the judgment of the commission those returns were too low, and that in adjusting the assessment at sixty per cent of the valuation accepted by the commission, such amounts, in the best judgment of the commission, adjusted the value of the objector's property so as to equalize its taxes with all the other taxable property of the State. From this admission made by the commission it is obvious that the property of the objector was not assessed on the basis of its fair cash market value but at sixty per cent thereof. On the basis of $3,486,520 as representing sixty per cent of the full value and disregarding fractional amounts, the full fair cash market value of the objector's property as found by the tax commission is $5,810,860.

The evidence conclusively shows, and the facts are tacitly admitted by the collector, that property, generally, in Cook county for the year 1930 was systematically and intentionally assessed by the taxing authorities at thirty-seven per cent of the full fair cash market value thereof. The admitted assessment of the objector's property at sixty per cent rather than at thirty-seven per cent cannot be held to be a mere accident or mistake of judgment. The disparity is too great to be passed by as a mere error. It is an unwarranted discrimination against the objector when the basis is considered on which property generally was assessed in Cook county for 1930. Such assessment amounts to a denial of the equal protection of the law and the taking of property without due process of law, contrary to the provisions of the fourteenth amendment

to the constitution of the United States. *Greene* v. *Louisville and Intcrurban Railway Co.* 244 U. S. 499, 61 L. ed. 1280; *Sioux City Bridge Co.* v. *Dakota County,* 266 id. 441, 67 L. ed. 340; *Brinkerhoff-Faris Trust and Savings Co.* v. *Hill,* 281 id. 673, 74 L. ed. 1107; *Hanover Fire Ins. Co.* v. *Carr,* 272 id. 494, 71 L. ed. 372; *Raymond* v. *Chicago Union Traction Co.* 207 id. 20, 52 L. ed. 78.

The provisions of section 1 of article 9 of our constitution in no uncertain terms declare that a tax shall be levied by valuation, so that every person or corporation shall pay a tax in proportion to the value of the property. The meaning of this constitutional provision is not debatable. Equality and uniformity of taxation are guaranteed in accordance with the value of the property taxed. This constitutional provision does not permit one kind of property to be assessed at a value for taxation purposes upon a certain proportion of its true value, and other property in the same taxing district to be assessed at a substantially less or substantially greater proportion of its true value. To countenance such practice would be to disregard the provisions of the constitution, and the result would be neither equality nor uniformity of taxation. The constitution having spoken upon this subject, taxing officials must not only listen to its words but must heed and obey them. All taxing laws must be subordinated to this constitutional edict. This record conclusively shows that the taxing authorities of Cook county adopted an arbitrary factor of thirty-seven per cent of the fair cash or true value on which property was assessed for taxation purposes for the year 1930. The same factor of thirty-seven per cent must be applied impartially and equally to all property in Cook county in order to observe the constitutional guaranty of equality and uniformity of taxation. *People* v. *Wiggins Ferry Co. ante,* p. 173; *People* v. *St. Louis Bridge Co. ante,* p. 245; *People's Gas Light Co.* v. *Stuckart,* 286 Ill. 164; *People* v. *Illinois Central Railroad Co.* 355 id. 605; *Peo-*

*ple* v. *Board of Review,* 329 id. 388; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 300 id. 399.

The full fair cash market value of the objector's property in Cook county as found by the tax commission was $5,810,860. The objector was entitled to have this valuation equalized by the equalization factor of thirty-seven per cent officially adopted by the board of assessors of Cook county.

The judgment of the county court is reversed and the cause remanded, with directions to that court to sustain the objections of the objector to all taxes extended against its property in excess of an assessed valuation of $2,150,018.

*Reversed and remanded, with directions.*