(No. 31902.—

THE PEOPLE *ex rel.* John B. Brenza, County Collector, Appellant, *vs.* CHICAGO AND NORTH WESTERN RAIL-WAY COMPANY, Appellee.

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

JOHN S. BOYLE, State's Attorney, of Chicago, (GORDON B. NASH, MERRILL B. MEYER, and MELVIN F. WINGERSKY, of counsel,) for appellant.

HOLT & KEARNEY, and NELSON TROTTMAN, (LOWELL HASTINGS, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Charles M. Thompson, trustee of Chicago and North Western Railway Company, filed objections in the county court of Cook County to the application by the collector of Cook County for a judgment for nonpayment of taxes for the year 1940 upon certain property of the railroad. At the time of filing said objections the objector complied with the law requiring payment of at least 75 per cent of the tax assessed. A number of objections were made which are not necessary for consideration here, because the case was decided upon the following objection:

"The Objector further objects to the assessment and tax for the reason that said assessment was improperly made by the local assessor of Cook County without authority of law and was void; that the property involved herein is operating property of the objecting Chicago and North Western Railway Company and is a structure and improvement of the Railway Company on its right-of-way and is connected with and used in the operation of the railroad and not legally assessable by the assessor of Cook County."

The court sustained the objection and, among others, made the following finding: "5. That the said property was operating property of the Objector, that is, property used in the operation of its railroad; that the revenue from the operation of said property was included in the report of the Objector to the State Tax Commission as a part of its gross railway revenue for the year 1940; that said property was not subject to assessment by the local Assessor and that said assessment and the tax produced thereby is illegal and void." The collector appeals from said judgment directly to this court because the revenue is involved.

The Chicago and North Western Railway Company, successor to Charles M. Thompson, trustee, will hereafter be referred to as the "railroad" and the appellant as the "collector" or "appellant."

The railroad in 1931 constructed, on real estate owned by it in the city of Chicago, a building and facilities for the use of Railway Express Agency, Inc. The express company is wholly owned by 86 Class 1 railroads, including the appellant. The express company pays appellant $192,000 a year to cover rent, insurance and taxes in monthly installments. Title to the building is in the railroad. The railroad included the property used by the express company in its annual return to the Illinois Tax Commission as railroad operating property. The Tax Commission reclassified the express building and certified it to the assessor of Cook County as noncarrier real estate, and thereupon the assessor, in compliance with the statute, assessed the same, whereby it became liable to pay taxes at the rate and in the amount levied by the several taxing bodies in Cook County entitled to collect taxes on the premises at that location. It is stipulated between the parties that the Illinois Tax Commission certified the property involved herein as assessable by the local assessor for the year 1940 as nonoperating property. It also is stipulated that the

collector made a *prima facie* case for judgment in the county court.

The issue in the case is whether the taxes upon the building in controversy should have been levied upon an assessment of its value made by the local assessor or upon an assessed value made by the Tax Commission.

The materiality of this issue lies in the fact that, under the existing statute, if the property was operating railroad property it must be assessed by the Tax Commission, which assessment must be based upon the average of values of railroad property throughout the State, (*Mobile and Ohio Railway Co.* v. *Tax Commission,* 374 Ill. 75,) and presumably less than local assessed value; and upon the further fact that if the property was operating railroad property, it was beyond the power of the local assessor for assessment purposes. Thus, a legal question is presented whether the classification of a specified property belonging to a railroad as operating or nonoperating property is determined by the Tax Commission or may it be determined by a court upon a tax objection hearing, as a question of fact. Ancillary to this is the further question whether a court, upon hearing tax objections, has the power to overrule the classification made by the Tax Commission or must such classification remain in effect until overruled by a direct proceeding brought to question its validity.

The whole question of the assessment of railroad property for taxing purposes is regulated by statute. The following sections of the Revenue Act of 1939 are pertinent.

Section 17 (Ill. Rev. Stat. 1939, chap. 120, par. 498,) provides, "The Tax Commission shall assess all property owned or used by railroad companies operating within this State except noncarrier real estate. * * * The township assessor, county assessor, supervisors of assessments, board of assessors, board of review or board of appeals, as the case may be, shall assess all other property not exempted from taxation."

Section 20 (par. 501,) lays down the rules to be followed in the valuation of railroad property.

Section 79 (par. 560,) subparagraphs (2) and (4), are as follows: "(2) The term 'operating property' shall mean and include all tracks and right of way, all structures and improvements on such right of way, all rights and franchises, all rolling stock and car equipment, and all other property, real or personal, tangible or intangible connected with or used in the operation of the railroad including real estate contiguous to railroad right of way or station grounds held for a reasonable expansion or future development."

"(4) The term 'non-carrier real estate' shall mean and include all land, and improvements on such land, not situated on the right of way of said railroad and not used as operating property within the meaning of the definition set out above in paragraph (2). Improvements owned by others and situated on the right of way not used in the operations of said railroad shall be deemed to be 'non-carrier real estate.' The Tax Commission shall adopt such rules and regulations as shall be proper to determine whether any property is 'non-carrier real estate'."

Section 83 (par. 564) provides: "Every railroad company subject to assessment in this State shall annually return to the Tax Commission a list of its non-carrier real estate in this State, indicating the description thereof, the current assessed value and the estimated true value of all non-carrier real estate both within and without this State, and any other information the Tax Commission may require. The Tax Commission shall examine said list and make whatever additions or alterations it may find necessary and transmit to the proper assessing officials of each county in which non-carrier real estate may be located, the list above described, together with any other information it may deem pertinent. The proper assessing officials of each county shall thereupon assess such non-carrier real estate in the same manner as other property belonging to

individuals, except that it shall be treated as property belonging to railroads, under the terms 'lands' and 'lots'. If any parcels of land used as non-carrier real estate are not platted, any description shall be sufficient which would enable a competent surveyor to locate the property."

Section 130 (par. 611,) defines the duties of the Tax Commission, among which is the following: "The Tax Commission shall * * * (5) assess all property owned or used by railroad companies operating within the State, except non-carrier real estate; * * *."

Section 131 (par. 612,) defines the powers of the Tax Commission, among which is the following: "The Tax Commission shall have power: * * * (10) to adopt, from time to time, rules not inconsistent with law, for ascertaining the fair, cash value of the capital stock, including the franchise, of corporations assessed by it, for ascertaining the fair, cash value of railroad property assessed by it, and for the guidance of local assessment officers relative to the assessment of property for taxation."

Section 138, (par. 619,) provides: "Any person feeling himself aggrieved by any assessment made by the Tax Commission may appeal to the circuit court of the county in which such property or some part thereof is situated, for the purpose of having the lawfulness of such assessment inquired into and determined." This section then specifies in detail the procedure to be taken, but does provide that such remedy shall not be construed to be exclusive.

The Tax Commission had in effect, at the time of assessment of the property involved, rule 18, which is as follows: "*Non-carrier real estate of railroads.* When the railroad returns required under Rule 6 have been filed, the Tax Commission shall transmit to the County Clerk a copy of Schedule 30 which lists the non-carrier real estate. The County Clerk shall immediately transmit this schedule to the proper assessment officers for consideration and if such assessment officials have reason to believe that the items of

property set forth in this schedule do not include all non-carrier real estate of the reported carrier located within their jurisdiction they shall have thirty days from the date of transmittel by the Tax Commission in which to object to the classification adopted by the reporting railroad. Their objections shall be filed with the Commission and shall set forth the location and nature of the property alleged to be improperly classified and the basis for the allegation. The Commission shall thereupon consider the facts presented and, if necessary, hold hearings to ascertain additional information. Within 30 days it shall determine whether the property is non-carrier real estate or operating property and notify the local assessment officers *and the reporting carrier of its decision."* Smith-Hurd Annotated Statutes, chap. 120, page 763.

The foregoing provisions of the statute at the time in question controlled the assessment of railroad property and the duties and powers of the Tax Commission in connection therewith. In this case the Tax Commission filed its certificate with the proper officials of Cook County that the building and property involved herein was *nonoperating property,* and it is to be presumed that the commission notified and reported to the railroad its decision in accordance with rule 18, since no claim or contention is made otherwise.

It is the contention of appellant that, when the Tax Commission found and determined that the express building was non-carrier property, its decision, until overruled in the manner provided by law, is binding upon the railroad company and upon taxing officials. Appellant calls our attention to section 80 of the Revenue Act of 1939, (par. 561,) which provided, "The Tax Commission shall assess all property owned or used by railroad companies operating within this State as of April first annually, except property found by the Commission to be non-carrier real estate as hereinbefore defined." This section also provided "The commission shall, in determining the fair, cash value of the

property assessed by it, value all the property of any railroad company as a unit, but shall make due allowance for any non-carrier real estate."

It is clear from the provisions of the statute that operating property of a railroad shall be taxed by the Tax Commission, and nonoperating or noncarrier property shall be taxed by the local assessing officers. In order for the Tax Commission to assess the value of operating property, it is required by section 80 to make allowance *for noncarrier property* and it is perfectly obvious that the Tax Commission cannot make allowance for noncarrier property unless it makes a finding what property belonging to a railroad is noncarrier property, and when it does make such a finding it thereupon becomes its duty to certify such fact to the local assessing officers, and 'to effect this purpose it adopted rule 18 which makes a provision enabling local taxing bodies to object, and, likewise, an opportunity for the railroad to object to any decision it makes upon this question. We are of the opinion that the statute relating to the assessment of railroad property clearly vested in the Tax Commission the power and duty of ascertaining what property is operating or noncarrier property for taxing purposes. No case has been called to our attention which specifically passes upon this question, but there are a number of decisions relating to the assessment of railroad property and other property coming within the jurisdiction of the Tax Commission and other administrative boards that are instructive in considering this problem.

It has been decided that the assessment of railroad property in the manner provided by the statute affords due process of law. (*People ex rel. Isbell* v. *Albert,* 403 Ill. 469; *People* v. *Pioneer Tailoring Co.* 374 Ill. 191.) It has also been held on numerous occasions that it is proper to delegate to the Tax Commission the power to establish reasonable rules to carry out its duties, (*People ex rel. Little* v. *St. Louis Electric Bridge Co.* 290 Ill. 307; *Oak-*

*ridge Cemetery Corp.* v. *Tax Commission,* 299 Ill. 430; *People's Gas Light and Coke Co.* v. *Stuckart,* 286 Ill. 164;) and also that it is within the power of the Tax Commission to change valuations of property without prior notice. (*People ex rel. Dale* v. *Chicago, Lake Shore and Eastern Railroad Co.* 286 Ill. 576; *People ex rel. Bracher* v. *Orvis,* 301 Ill. 350.) Likewise, in accordance with the mandate of the statute, it has been decided that it is the duty of the county clerk to extend taxes against railroad property upon the valuation certified by the Tax Commission. *People ex rel. Miller* v. *Mobile and Ohio Railroad Co.* 374 Ill. 376.

Decisions on other analogous sections of the Revenue Act are instructive. In a case involving a tax objection by a railroad company to the decision of the Tax Commission fixing a valuation of its property, it was urged that the method provided by paragraph 619 was not exclusive and that it could be raised either by objection to taxes or by injunction, but the court held that the statutory remedy of appeal from the Tax Commission must be followed unless the assessment was fraudulent. (*People ex rel. McDonough* v. *Illinois Central Railroad Co.* 355 Ill. 605.) And, later, in *Tuttle* v. *Bell,* 377 Ill. 510, (a suit to enjoin the collector,) and *People ex rel. Ingram* v. *Wasson Coal Co.* 403 Ill. 30, (tax objection,) it was held that, in the absence of fraud, the valuation of property fixed by officials designated by statute is not subject to supervision by the courts.

A number of cases are cited by appellee where objections to assessments were raised on tax objection or by injunction. Most of these cases involve fraud, discrimination or arbitrary action in disregarding the law, which is a species of fraud. The cases within this class are *People* v. *Illinois Central Railroad Co.* 355 Ill. 605; *People ex rel. McDonough* v. *Grand Trunk Western Railroad Co.* 357 Ill. 493; *People ex rel. Ross* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 381 Ill. 58; and *People ex rel. Toman* v. *Chicago Union Station,* 383 Ill. 153. There

appears to be sound reason why a court should take jurisdiction over objections of this kind, since the certificate of the proceeding before the taxing body very likely would be inadequate if the fraud or arbitrary question was not disclosed by a transcript of its proceeding.

The case of *Maxwell* v. *People ex rel. Freise,* 189 Ill. 546, does not appear to us to be in point, since it involved an attempt to tax the personal property of a nonresident over which the taxing bodies have no jurisdiction. The appellee also cites a number of cases involving the valuation of bridges. In five of these cases, *St. Louis Bridge Co.* v. *Becker,* 372 Ill. 102, *People ex rel. Dunn* v. *Atchison, Topeka and Santa Fe Railway Co.* 206 Ill. 252, *Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 26, *People ex rel. Anton* v. *Atchison, Topeka and Santa Fe Railway Co.* 225 Ill. 593, and *People ex rel. Shipton* v. *Dunleith and Dubuque Bridge Co.* 322 Ill. 99, the taxes were assessed by both the local authority and the State Tax Commission. The question involved in all these cases was which body had the power to assess, and it is obvious that an appeal from the decision of one body would not settle the validity of the assessment by the other body nor would the same remedy be applicable to both assessments, and undoubtedly the power of a court could be invoked for the purpose of obtaining jurisdiction of both the taxing bodies to decide which assessment was valid. These bridge cases do not throw any light upon the question now under consideration.

Power is not involved in this case. Both parties seem to concede that if the property taxed is operating railroad property it should have been assessed by the Tax Commission and that if it is noncarrier or nonoperating property it should have been assessed by the local officials. The question involved here is who shall determine the question whether the property is operating railroad property or noncarrier or nonoperating railroad property, and, since

the statute provided that this question of fact shall be ascertained by the Tax Commission, we do not believe that any of the cases cited by appellee are pertinent.

There is nothing in the record to show that the action of the Tax Commission was arbitrary, discriminatory or fraudulent, and, therefore, we believe that when the Tax Commission made its finding that the property involved was nonoperating railroad property, the proper way to question the correctness of its decision was in the manner provided by the statute or rule unless special circumstances would appear, not disclosed by its record, which would enable the court to review its decision. We are quite satisfied that unless the circumstance of fraud, discrimination or arbitrary conduct is made to appear the objecting carrier must pursue the remedy provided by the statute or rule and cannot raise the question on tax objections.

No question seems to be raised in this case as to whether notice was given by the Tax Commission to the objecting railroad, as it is the duty of the Tax Commission to observe its own rules. Inasmuch as the law mandatorily requires the local assessing officers to assess noncarrier property in case the property is certified to them by the Tax Commission as such, it becomes the duty of the local assessor to follow such certificate as was done here.

The appellee, in its brief, makes the statement that the trial court properly held the building involved was operating property and, therefore, not subject to local assessment. It makes this assertion because it claims that the express building is, in fact, connected or used in the operation of appellee railroad, and by such contention raises squarely the question whether the finding of the Tax Commission in this regard may be reviewed on tax objections rather than in the manner provided by statute or rule. It cites no authorities supporting this view. Inasmuch as section 138 of the Revenue Act, relating to appeals from the order of the commission, and rule 18 of the commission specifically pro-

vides for a review, it would seem that an adequate remedy is provided. In the absence of fraud or discrimination, we have been unable to find any authority for any other method of review.

We recognize that while section 138 of the Revenue Act, (par. 619,) related to assessments made by the Tax Commission, it is quite evident that rule 18 of the Tax Commission was intended to provide for a review of the decisions of the Tax Commission's classification of railroad property. In any event, if no method of review is provided by statute or rule, the action of the Tax Commission may be tested or reviewed by the writ of *certiorari, (Jarman* v. *Board of Review,* 345 Ill. 248,) by requiring a production of the record to determine whether it has exceeded its powers. No such evidence was introduced and the whole basis of the objector's contention is that the facts disclosed by it authorized the court to make a finding different from that of the Tax Commission, without requiring the production of the evidence upon which such finding was made. It is argued inferentially that the decision of the Tax Commission is void, but we do not believe that such question can be raised in this manner. It may be erroneous and, like any erroneous decision, it may still be binding though it might have been reversed by proceeding in the manner required by law.

For the foregoing reasons, we are of the opinion that the county court improperly sustained the objection of appellee to the taxes assessed against the building involved.

Considerable discussion is contained in the briefs of both the appellant and the railroad relating to the question as to whether the express building was, in fact, railroad operating property or railroad nonoperating property. In view of our holding that the classification of the building in question as operating or nonoperating railroad property was vested in the commission and that the county court had no power to classify railroad property under the Reve-

nue Act, we have no occasion to determine that factual question. It is sufficient to say that the character of the express business has been before the Federal Courts and before the Interstate Commerce Commission, and it has been specifically held that the express company is not a department or an agency of the railroads for carrying on railroad business and that it is not a creature of the railroads but a separate corporate enterprise in its own right. *Railway Express Agency* v. *Collector of Internal Revenue,* 169 Fed. 2d 193, (C.C.A.) ; 269 I.C.C., 161 ; 266 I.C.C., 369 ; 277 I.C.C., 249.

We have concluded, therefore, that the action of the trial court in sustaining the objections was erroneous and the judgment of the county court of Cook County is reversed and the cause is remanded with directions to overrule the objection.

*Reversed and remanded, with directions.*